DAY, administrator of EDWARDS, deceased *v.* WEST and
another.

Although a divorce *a mensa et thoro* be had, yet the wife is entitled to dower out of the
husband's lands if she survives him.

*April* 27,
1836.

*Husband
and wife.
Alimony.
Dower.*

The bill was filed to foreclose a mortgage given by the
defendant Jesse West to John Edwards, deceased. West
objected to payment, on the ground of the defendant Brid-
get Edwards, the widow of the said John Edwards, having
an estate of dower in the mortgaged premises; and that
his title to the property for which he had Edwards's warran-
tee deed, was thereby impaired. The complainant alleged
that a divorce had taken place between John Edwards and
Bridget his wife and alimony paid her in gross by way of
bar to the supposed right of dower.

It appeared that the defendant, Jesse West, before the
execution of the mortgage, objected to the taking of the
title, on the ground of the supposed claim of dower initiate;
that Edwards denied altogether such right and exhibited the
decree for a divorce to West; and, in order finally to in-
duce him to complete the purchase, he allowed a special
condition to be inserted in the bond and mortgage, to the
effect that West should pay six per cent. interest on the
mortgage during the coverture of Edwards and wife and
that the principal sum should only become payable upon the
death of the said Bridget or the extinguishment of her right
of dower. The complainant contended, she had no right of
dower in the premises; and that West ought to pay off the
mortgage.

The answer of the defendant, Jesse West, admitted many
of the material allegations of the bill; but contended that
the widow was entitled to dower and he was not bound to
pay until her death or a release of dower was had.

The case came before the court upon bill and answers. The pleadings will be found sufficiently referred to in the opinion of the court.

Mr. *James Smith*, for the complainant.

Mr. *P. A. Cowdrey*, for the defendant Jesse West.

Mr. *W. H. Elting*, for the defendant Bridget Edwards.

THE VICE-CHANCELLOR :—According to the condition of the bond and mortgage, the defendant, Jesse West, was to pay the interest of six per cent. on two thousand dollars during the joint lives of the intestate John Edwards and his wife Bridget : and upon the death of the wife or the extinguishment of her right of dower, the principal sum was to be paid. At the death of the intestate, it appears, less than one hundred dollars was in arrear for interest, so that his personal representative, who has filed this bill, could not sustain it on the ground of such arrears being due—the sum being below the jurisdiction of this court.

The first question then is : whether any thing more was due or could be demanded when the bill was filed ? I think it is very evident, from the recitals and the condition in the bond, that both the parties to the instrument understood or, at least, supposed that the wife of the obligee had an inchoate right of dower, which could only be extinguished by her death or by some future valid act of release or election on her part. Hence it was that, by way of indemnity to the obligor against such claim or right of dower, the interest on the debt secured by the bond and mortgage was to cease the moment such right became perfect by the death of the husband—and the principal sum was not to be demanded or be considered payable until either the death of the wife or some voluntary act of hers should put an end to her dower. The condition upon which the principal sum was to become payable, according to the terms and obvious meaning of the bond and mortgage, seem to admit that the wife would certainly be entitled to dower in the event of her surviving her husband ; and it would be contrary to this

implied admission to hold that the principal sum or any fur-
ther interest has become due and payable.

But it is contended, on the part of the complainant, that
his intestate, the husband, was mistaken on the subject of
his wife's right to dower, after what had passed between
them; that she was equitably barred of all such claim and
right; and, as all that the defendant, West, can reasonably
ask is to be indemnified and protected, it is now competent
for this court so to decree against the wife who, for that
purpose is made a party to the suit; and to require the mor-
gagor either to pay the money or suffer the property to
be sold.

This brings us then to the question, whether the wife is bar-
red in equity; for it is conceded that nothing has occurred to
work a legal forfeiture or extinguishment of her right?

The grounds assumed for the purpose of producing this
effect in equity are, that by the articles of separation in the
first instance between the husband and wife, which are sta-
ted in the pleadings, she agreed to accept an annuity of two
hundred and fifty dollars for life, in full satisfaction for her
support and maintenance and of all right and claim of dower
in her husband's estate; and that subsequently, by a decree
of the Court of Chancery, upon a bill filed by her against
her husband for a divorce *a mensa et thoro*, she accepted a
gross sum of eleven hundred dollars " in lieu of alimony
and of all claims or charges whatever upon her husband
for her separate support and maintenance for ever."

The articles of separation referred to could only operate
in equity, not at law, to deprive or bar her dower; and in
equity, under the circumstances disclosed by the answer of
Mrs. Edwards, the articles cannot be permitted to have this
effect. She shows they were violated by her husband's re-
fusal or neglect to pay the annuity and to afford her the
maintenance which was to be in satisfaction of her claims
upon him and his estate. His refusal drove her to the ne-
cessity of filing her bill for a judicial separation and alimo-
ny; and a decree having been made, it is upon the effect
of this decree solely that the question depends whether she
is barred of dower?

There is nothing in the decree directly showing that the

sum in gross allowed to her was intended to cover and ope-
rate as a satisfaction or in lieu of dower: it is expressed to
be in lieu of alimony.    It was offered to be paid by the hus-
band as such, and upon this offer, a reference was ordered
to a master to ascertain whether it would be for her inter-
est to accept it ; and the master reported it would be.    It
is true, he appears to have ascertained the extent in value
of the husband's property and the age of the wife : but it
does not appear he made any calculation based upon the
probable duration of her life with reference to dower, for,
after all, he only says that eleven hundred dollars is a fair
and liberal allowance to be paid in lieu of alimony ; and
the proceedings show the sum was offered as a compensa-
tion for alimony and nothing more.    What, then, is the effect
of an allowance of alimony or of a sum in gross in lieu of it,
in a suit for a divorce of this kind ?   By the decree, the
parties are merely separated either for a limited period
or for their joint lives ;  and while thus living apart, the wife
is entitled to a support from her husband or out of his pro-
perty.    The amount is fixed and awarded by the court;
and the payment of it is to continue only for so long a time
as the decree is operative, that is, while the parties remain
separated by virtue of the decree.    It is only so far perma-
nent.    In case of the wife's death, leaving the husband sur-
viving, the payment ceases of course ; and so, in the event
of his death, the wife surviving, there is an end of the de-
cree.    The separation, by virtue of the decree, is superceded
by the separation occasioned by the death of the husband ;
and as the relation of husband and wife has all along sub-
sisted, the marriage not having been dissolved, the wife then
stands entitled to all the rights of a widow which the law
would give her, both in respect to the real and personal
estate of her deceased husband.

I am convinced this is the correct view to be taken of the
case.    In England, where both for cruelty and adultery the
divorce is only *a mensa et thoro* and where the wife, when
she is the injured party, is allowed permanent alimony, as
it is called, I cannot find that it has ever been suggested,
in any reported case or by any elementary writer, that the
effect of such an allowance is to deprive the wife of any of

1836.

DAY
*v.*
WEST.

her legal rights at the death of her husband; and no good reason can be assigned why the law should be so, when the object of alimony is rightly considered. It is true, a wife may debar herself of dower or of any other claims which she may have upon her husband's estate after his death, by accepting a jointure or other provision in marriage articles or by will: See *Slatter* v. *Slatter*, 1 Younge & Collyer, 28; but what she thus accepts must clearly appear to be given as a substitute for dower. This collateral satisfaction depends upon her own election; and when that election is once made—and this court will, in many cases, compel her to elect—it will operate as an equitable bar, although it may not constitute strictly a legal one: Stalman on Elect. 247.

I know of no way by which a feme covert can be barred of her dower, except by her uniting with her husband in a deed for the purpose, duly acknowledged according to statute, or by convicting her of adultery, which works a forfeiture, or upon the doctrine of election, by her accepting a jointure or some other provision in lieu of dower. None of these have occurred in the present case.

It may be asked, what becomes of the wife's right of dower where she proceeds against her husband and obtains a divorce *a vinculo matrimonii?* The answer is obvious. In such a case, all right to dower is gone: not, however, because she has obtained an allowance of permanent alimony or any thing in lieu of alimony, if either should be decreed, but because of the dissolution of the marriage which puts an end to the relation of husband and wife; and, by necessary consequence, to the right of dower—since it is essential to dower that the marriage should subsist at the death of the husband. A woman cannot have dower who is not the wife of a man in whose lands she claims it at the time of his death.

As the defendant, Mrs. Edwards, was the lawful wife of the complainant's testator at the time of his death, though living in a state of separation by the decree of this court, she was clearly entitled to dower; and I am of opinion nothing has been done to extinguish or deprive her of it. The

complainant, therefore, cannot enforce the payment of the bond and mortgage during her life or the existence of this right; and his bill must be dismissed, with costs to be paid out of the estate in his hands.