### COSTER v. CLARKE and others.

---

No rehearing where a decree has been had by consent. [1]

Where a party acts under a decree, it is a strong circumstance against granting him a rehearing. In the present case, a party had received a copy of the decree and returned it " approved ;" (his solicitor had not seen it) and such party also appeared on proceedings—ordered by the decree—before a master ; *The Court* refused a rehearing.

Where an association is formed, and an associate advances money in aid of the project, equity (on a sale of the concern) should give a preference to such advances.

A party who considers himself entitled to commissions for management should claim them in his answer.

---

PETITION by the defendant James B. Clarke for a rehearing. The complainant and defendants formed or represented an association or copartnership in real estate in Brooklyn and in a ferry there ; and the defendant James B. Clarke was to have the entire management. The title to the properties stood in his name ; but, in trust for mutual benefit. Among the par-

*Practice.*
*Rehearing.*
*Advances.*
*Manager.*
*Commis-
sions.*

ties in interest were the heirs or representatives of Silas But-
ler, deceased.

The present bill was filed to wind up the affairs of this as-
sociation and to have a sale of the real estate. A reference
had been had to a master to ascertain what debts were due and
owing by the said Clarke on account of the ferry and other
property and to ascertain and report what portion of the estate
remained unsold and whether any part was mortgaged. Upon
this report, the cause was put on the calendar for a decree;
and such decree was obtained. This decree, before being en-
tered, was shown to the defendant James B. Clarke (but not
to his solicitor William Kent, Esquire,) and to Mr. J. Cleve-
land, solicitor for the executrix and executors of Silas Butler.
On the decree the defendant, Clarke, wrote : " Approved.

"JAMES B. CLARKE."

And under it Mr. Cleveland added :

" J. CLEVELAND, *Solicitor, for*
" *Ex'x and Ex'rs of S. Butler.*"

The decree provided for the sale of the ferry and real es-
tate held by the association. It confirmed the master's report,
which found that fifty thousand dollars had been advanced by
the complainant John G. Coster in the purchase of the real
estate ; that the said Silas Butler had advanced two thousand
five hundred dollars for the same purpose; and that the said
James B. Clarke had been the agent of all the parties in the
management and conducting of the ferry and other property
and, in that capacity, had received the rents, issues and income
and disbursed the expenses of the same and there was a bal-
ance, in account, due to the said James B. Clarke ; and that
there was also a balance in account due to the executors of the
will of Silas Butler deceased for money advanced by him in
his lifetime. The decree also directed another reference to
state further the accounts, with interest, of the complainant,
and of Clarke and the representatives of Butler. Also that the
master, after sale, pay all demands owing from Clarke on ac-
count of the property ; then the claim of the complainant and
the amount due to the Butler estate ; afterwards, amounts due
Clarke, &c., &c.; and that such decree should be a perpetual bar
against any claims of the said James B. Clarke, who held the
legal estate. And that any of the parties to the suit might, if

it became necessary, apply to the court, upon the foot of the decree, for further instructions in reference to the mode or manner in which the said sale should be made or in reference to any other matter in the premises.

Further proceedings were had before the master under the directions contained in the decree.

Then came the present petition for a rehearing. It showed (among other things) that after the death of Silas Butler, it was proposed by the present complainant to institute an amicable suit to close the trust and to obtain authority to purchase on individual account; and that thereupon the present bill was filed. That an order of reference was entered by consent to ascertain the charges upon and the situation of the property; that a consent was given that the cause might be taken up out of its regular order on the calendar; and that the complainant's solicitor procured the entry of a decree. That such decree ended with this : " and it is further ordered, &c., that any of the parties to this suit may, if it should become necessary, apply to this court upon the foot of this decree for further instructions." That all the proceedings on the petitioner, Clarke's, part, from the time when the consent aforesaid was given, were conducted by Clarke in person during the illness or absence of Mr. Kent his solicitor and counsel, supposing an amicable suit was open to arrangement. That he, the said petitioner, was not a solicitor, was utterly ignorant of rules and mode of proceeding and when he heard the last clause of the decree read to him, he supposed it was intended to allow an amendment of the decree. That he attended several informal meetings on the last mentioned reference without his counsel and without being summoned. That, at the last meeting, he claimed commissions; also, that his debt should be paid; and that the mode of computing interest proposed by the complainant and adopted by the master was erroneous. That he was lately informed of the service of the master's report upon his solicitor and, thereupon, he ascertained that the master had reported against all his claims; and he called on the master, who told him that the report would be confirmed in eight days and, as no objections had been made before him, no exceptions could be filed. That the complainant's solicitor refused to recognize a right to except. That it had been agreed between the parties that,

to prevent a sacrifice, the property should be valued at a fair price and offered for sale at any sum above such valuation. That the petitioner and the solicitor for Butler's executors had expressly made such agreement and from the manner of the solicitor for the complainant he supposed he had assented. That if Coster's debt should be preferred and the property should be sold at the present depressed state of the money market, the petitioner would lose twenty thousand dollars, for he felt assured that the property would not sell for more than sufficient to cover Coster's advances. That the advances which the petitioner had made were chiefly incurred in purchasing a ferry-boat that was indispensable to the ferry. That, supposing the suit was friendly, he made up his account as proposed by the complainant's solicitor, but claimed seven per cent. and semi-annual rests. That, relying on the complainant's friendly co-operation, expecting to realize a large sum and being unskilled and deprived of the assistance of his counsel, he had omitted to put his rights on proper footing and would suffer loss unless the court would relieve him. And that the complainant, by his agent, had threatened to sell for cash. *Prayer:* for a rehearing or for an amendment of the decree, so that the petitioner could get commissions and be paid his advances prior to or rateably with the complainant, and a direction for a valuation equivalent to the charges ; and for a year's postponement of the sale.

Affidavits were also read. The solicitor and counsel for the defendant deposed that he never perused the final decree before it was entered ; and never, to his recollection, consented thereto. That he believed the decree to be erroneous in this, that it postponed any payment to said Clarke until the complainant was satisfied.

An opposing affidavit, made by the solicitor for the complainant, showed that the draft of the decree had been submitted to the petitioner Clarke and to the solicitor for the Butler estate several days before it was entered ; and, upon the said Clarke's request, it was left in his possession for his perusal so that he might carefully examine its provisions and make such suggestions in regard to it as he should think ought to be made ; that the next day after so having the said draft decree left with him or the day following, he, the said Clarke, returned it to the

deponent without having altered it in any respect and informed the deponent it was correct ; and that both the said Clarke and the solicitor for the Butler estate signified their entire approbation of the decree, by endorsing their approval in writing on the outside thereof. And the draft, so approved, was entered at the time of the hearing of the cause. That the said Clarke had invariably conceded that the complainant was entitled to priority. That the master's report upon the matters referred to him by the decree was settled by consent of all parties ; and on a day previous to the time of settling the report, the accounts of the complainant and of the executrix and executors of Silas Butler were submitted by the master and mutually agreed upon by all the parties, except as to a single item which the said defendant Clarke desired to look into before the accounts were passed.; and that afterward the said Clarke went to the deponent's office and the matter of the said item was looked into and found correct. That although the matter of commissions was at one time claimed by the said Clarke, yet it was afterwards agreed between the deponent and the said Clarke that the latter should be allowed to charge interest upon the advances made by him at the rate of seven per cent. and in consideration thereof he was not to set up any claim for commissions. That, upon the last reference, the petitioner, Clarke, had claimed commissions, which deponent opposed ; and the master refused to allow them and that no exception had been taken. That the ferry, with its wharf, was in a dilapidated condition and would require repairs, but that the income arising from the properties principally came from the ferry ; and there were pressing debts upon the concern.

Mr. *Silliman* and Mr. *William Kent,* in support of the petition.

Mr. *Cleveland,* for the executrix and executors of Silas Butler, deceased.

Mr. *J. P. Hall* and Mr. *Charles E. Butler,* for the complainant.

Vol. III.—52

THE VICE-CHANCELLOR :—In *Bradish* v. *Gee*, Ambl. 229, Lord Hardwicke declared that where a decree is made by consent of counsel, there can be no appeal or rehearing, although the party might not really have given his own consent. His remedy, his lordship said, was against his counsel ; and if the decree were by fraud and covin, then relief was not by appeal or rehearing, but by original bill.

In *Harrison* v. *Rumsey*, 2 Ves. sen. 488, he had shortly before adjudged the same point. Other cases are cited to the same effect in 1 Hoffm. Ch. Pract. 27. So, in *Decarters* v. *La Farge*, 1 Paige's C. R. 574, the Chancellor held, that where the counsel of the defendant, upon the hearing, abandoned the defence, a rehearing would not be granted upon the ordinary certificate of two counsel.

The rule that no appeal or rehearing lies from a decree made by consent was recognized in the court for the correction of errors in *Atkinson* v. *Manks*, 1 Cow. R. 709.

It seems to me that the decree now complained of must be regarded as a decree taken and entered by consent and within the rule.

Another objection exists to the opening of the decree : the parties have gone on under it before the master and submitted their accounts and awaited his report. This, if not conclusive, is a strong circumstance against granting a rehearing : *Atkinson* v. *Manks*, supra ; *Consequa* v. *Fanning*, 3 John. C. R. 364.

But, even upon the merits of the decree, I am of opinion that the priority of payment out of the proceeds of the real estate, when sold, in favor of the complainant Coster and the executors of Butler for the advances made by them to pay for the property when purchased, is warranted both by the fair construction of the articles of agreement and by the natural equity of the case. With respect to the ferry, however, its boats, lease and good will, when sold, I think the money it brings should be applied, in the first place, to discharge the rent in arrear due to the corporation of the city of New-York, the debt to the Delaware and Hudson Canal Company for coal and the advances made by the defendant James B. Clarke, towards supporting the ferry.

The ferry property will, of course, be sold separately ; and

an order can be made upon the foot of the decree and under the right reserved by the concluding clause of it directing the appropriation of the proceeds accordingly. A rehearing of the cause is not necessary for that purpose.

The defendant Clarke is too late in setting up a claim for commissions or compensation for his services. He should have made the claim in his answer. But according to Butler's affidavit, he expressly waived it in consideration of being allowed interest on his advances; and in relation to interest, it appears that the master's report is made in conformity with what he was satisfied to claim. He cannot be permitted, now, to take exceptions to the report. In the conflict of opinion between the parties, the court cannot interfere with the time of sale by the master under the decree.

The whole of the application must be denied, with costs.