RALPH  A.  PULLEN

*v.*

JOHN  W.  PULLEN  et al.

In absence of express or implied statutory provision to the contrary, a
divorce *a vinculo matrimonii,* for the fault of either party, will bar dower.

On motion upon petition to open decree and amend bill by
striking out a party defendant.

On the 28th of April, 1891, Ralph A. Pullen filed a bill in
chancery for the partition of certain lands of which he and
others were tenants in common.   He and his wife, Catharine A.
Pullen, were then living apart.   The wife was made a party
defendant to the suit, because of her inchoate right of dower in
her husband's undivided interest in the land.   She answered
the bill, claiming such right.

While the partition suit was pending, Mrs. Pullen brought
suit in this court against her husband for divorce *a vinculo
matrimonii,* because of his willful, continued and obstinate deser-
tion of her for three years and upwards.

On the 14th of August, 1891, an interlocutory decree and
order of reference was made in the partition suit, whereby,
among other things, it was referred to a master to ascertain and
report the interests of the respective·parties to the suit in the
lands of which partition is sought.

Pending the coming in of the master's report, on the 28th of October, 1891, a final decree was made in the divorce suit, by which the bond of matrimony, between Mr. Pullen and his wife, was dissolved.

Motion is now made to open the interlocutory decree in order that the complainant, by supplementary pleading, may set up the divorce, and thus raise the question whether or not the inchoate right of Catharine A. Pullen is extinguished, or amend his bill by striking her out as a party defendant.

*Mr. George O. Vanderbilt,* for the motion.

*Mr. William Y. Johnson, contra.*

THE CHANCELLOR.

The vital question presented and argued is whether the divorce *a vinculo matrimonii* bars all right of Catharine A. Pullen in the lands. I regard it as now settled that, in absence of express or implied statutory provision to the contrary, such a divorce, for the fault of either party, will bar dower. The reason is that it is essential to the estate that marriage shall subsist at the death of the husband. A woman cannot have dower, who is not the wife of the man in whose lands she claims it, at the time of his death. *Day* v. *West, 2 Edw. Ch. 592.*

In *Calame* v. *Calame, 9 C. E. Gr. 440, 444,* Vice-Chancellor Dodd recognized the law as I have stated it. It is true, when that case was heard upon appeal (*10 C. E. Gr. 548, 550*) the chief justice (Beasley) said: "It is not necessary to express any opinion on the question whether a decree for divorce *a vinculo matrimonii* will have the effect in this state which is assumed in this contention. The point was settled the other way in a case receiving great consideration from the court of appeals in New York, the statute of that state being, perhaps, not substantially variant from our own. *Wait* v. *Wait, 4 Comst. 95.*" But, I find that Mr. Justice Gray, of the United States supreme court, in commenting upon the case of *Wait* v. *Wait,* in *Barrett* v. *Failing, 111 U. S. 523,* states that the ground of decision in that case

was a provision in the statute of the State of New York, that " in case of divorce, dissolving the marriage contract for the misconduct of the wife, she shall not be endowed," which implied that the wife should retain her right of dower in case the divorce was not for her misconduct, but because of the misconduct of the husband.    I do not find a similar statute in our state, nor any statutory language which will justify the same implication.    I apprehend that the purpose of Chief-Justice Beasley was not to pronounce against the correctness of the assumption, in *Calame* v. *Calame,* that by divorce *a vinculo matrimonii* the right of dower is lost, but to call attention that the point was not to be assumed without full consideration.    His use of the word " perhaps" quite clearly demonstrates that he did not pretend to have made a careful examination of the question.

In *Barrett* v. *Failing,* the question was studied and the conclusion deliberately drawn, that the law is to be regarded as I have already stated it, to wit, that a valid divorce from the bond of matrimony, for the fault of either party, bars the wife's right of dower, unless the dower right be expressly or impliedly preserved by statute.    And so, in *American Legion of Honor* v. *Smith, 18 Stew. Eq. 466, 469,* Vice-Chancellor Van Fleet states it.

The parties interested having been fully heard upon the question determined, I will permit the complainant to amend his bill by striking out Catharine A. Pullen as a party to it.