WOOD *v.* WOOD.

Opinion delivered July 21, 1894.

59 441
64 348
59 441
74 156

59 441
80 157
81 588

59 441
85 251

59 441
187 183

1. *Bill of review—Leave to file.*

   A bill of review for errors of law apparent on the face of the decree may be filed without leave of the court, but an erroneous order striking such a bill from the files will not be reversed if appellant was not prejudiced.

2. *Bill of review—Practice.*

   On a bill to review a decree for errors of law, the court will not consider the evidence.

3. *Divorce—Filing amended bill.*

   Where the plaintiff in a suit for divorce had not acquired the necessary residence in the State for one year before commencing suit, but acquired it before filing an amended bill setting up a separate and distinct cause of action, the amendment is equivalent to the bringing of a new suit, and a decree in her favor, in accordance with the prayer of the amended bill, will not be set aside as erroneous, upon a bill of review brought by her.

4. *Alimony—Allowance in gross.*

   An allowance of a sum in gross as alimony in a decree for divorce is not error if made by consent of the parties, given by their respective solicitors.

5. *Divorce—Wife's right of dower.*

   A divorce from the bond of matrimony bars the wife's right of dower.

6. *Divorce—Wife's share in husband's estate.*

   Where a wife files a bill of review in which she seeks to have a decree of divorce from the bond of matrimony set aside, and, in lieu thereof, for a divorce from bed and board and for alimony, and failed to show in her original bill in what the husband's estate consisted, or that it was within the jurisdiction of the court, the decree will not be vacated because the court failed therein to set apart to her one-third of her husband's estate, according to the act of March 2, 1891.

Appeal from Pulaski circuit court.

DAVID W. CARROLL, Chancellor.

*Martin & Murphy* for appellant.

1. No leave of court necessary for errors in law apparent on face of the record, 2 Am. & Eng. Enc. Law, p. 265, citing 17 Ves. 178; 33 Miss. 560; 4 J. J. Marsh. 500; 4 Man. (Ky.) 145. In *Webster* v. *Diamond*, 36 Ark., so far as the bill was treated as one of review, it was upon the ground of newly discovered evidence. It may be this court would not disturb the decree awarding alimony, for the chancery court had jurisdiction. 54 Ark. 172. But it had no jurisdiction *to grant a divorce* to either party to that suit. Mansf. Dig. secs. 2562, 4967. This error was apparent upon the face of the record, the pleadings. 13 Pet. 6–14; 5 Mason, C. C. 303; 22 Wall. 60. Consent cannot give jurisdiction. 33 Ark. 31; 11 Ad. El. 941; 7 Port. (Ala.) 37; 20 Ala. 387; 8 Cal. 77; 74 Ind. 221. The bill of review could be filed *as a matter of right*. Story, Eq. Pl. sec. 405; 33 Ark. 161. A year's residence was a jurisdictional fact. The amendment was not the beginning of a new suit. Mansf. Dig. sec. 5080.

2. It was error to bar appellant's dower. Mansf. Dig. sec. 2578. Under our statutes alimony is not given in lieu of dower. 45 Conn. 15; 61 Mo. 148; 20 Oh. St. 454; 59 Iowa, 699; 2 Heisk. 174. It is improper to award a *gross* sum as alimony. 38 Ark. 324.

3. The mandate in 54 Ark. 172, was filed June 1, 1891; the amendment was made thereafter, and the decree June 17, 1891. Now if appellee's contention that the filing of the amendment was the *commencement* of a new suit, the act of 1891, p. 2, applies, which was ignored by the court *in toto*.

*Rose, Hemingway & Rose* and *J. M. Moore* for appellee.

1. This is an attempt to set aside a decree after accepting the benefit of it and satisfying it. A bill of review is in the nature of a writ of error. 2 Am. & Eng. Enc. Law, 262. It will not lie where plaintiff

would be estopped to bring error or prosecute an appeal. 17 Ark. 55; Herman on Est. secs. 285, 1065–9; 7 Wall. 479; 75 N. Y. 417; 25 Tex. 583; 24 Ark. 14; 47 *id.* 319; 50 *id.* 203; 53 *id.* 514. Where a decree for divorce and alimony is granted, and the wife receives the amount as alimony, she cannot afterwards raise the question of jurisdiction. 25 Pac. 81; 17 N. W. 28; 12 Col. 434; 136 Mass. 294; 54 Iowa, 201; 60 *id.* 505; 69 *id.* 738; 66 *id.* 186; 22 Ark. 332; 6 *id.* 169. Receiving the benefit bars the plaintiff. 80 Ky. 582; *Ib.* 568. Acquiescence with knowledge of fraud bars relief. 41 Barb. 139. Non-assent, mistake or carelessness or unfaithfulness of attorneys does not abrogate the rule. 17 Ark. 56; 22 Wall. 60. Nor will a bill of review lie for inadequacy of alimony. The remedy is by appeal. 18 Ark. 330–2; 1 Black. (Ind.) 360. Leave of court is necessary for new matter. 33 Ark. 173. Or for fraud and newly discovered evidence. 36 Ark. 538; 100 U. S. 109. The only questions open on a bill of review (except for newly discovered evidence) are such as arise on the face of the record. 95 U. S. 99; *Ib.* 391; 22 Wall. 60; 98 U. S. 66. One who, without mistake induced by the other party, has taken a particular position deliberately * * * must act consistently with it. Bigelow, Est. 717; 30 Ark. 453; 47 *id.* 309; 32 *id.* 346; 96 U. S. 267; 75 N. Y. 122; 57 Ark. 632.

2. The amendment was virtually the beginning of a new suit. 8 Tex. 52; 10 Tex. 106–7; 7 Pet. 214; 6 *id.* 61; Bennett, Lis Pendens, sec. 32; 10 Page 400; 10 B. Mon. 88; 54 Ark. 468; 47 Ark. 25; Mansf. Dig. sec. 5088; 40 Ark. 162.

3. It may be true that parties cannot waive want of jurisdiction, but they can estop themselves from denying that jurisdiction did exist by accepting the benefits. 47 Ark. 320; 24 *id.* 14; 50 *id.* 203; 53 *id.* 514.

4. Under the ruling in 53 Ark. 514, the question as to dower does not arise in this case.

5. A divorced woman has no claim to dower. Dower is given only to *widows*. Coke, Litt. 32 A; 2 Blackst. Com. 130. Divorces *a vinculo* absolutely bar dower. 21 Ch. Div. 164; 2 Edw. Ch. 596; 24 Wend. 196; 4 Barb. 192; 4 Comst. 95; 2 Bish. Mar. and Div. sec. 706; 2 *id.* sec. 1631; 4 Kent, Com. 54; 6 Ind. 231; 14 *id.* 3; 23 *id.* 71; 2 Greene, (Iowa) 609; 5 Clarke, (Iowa) 241; 68 Am. Dec. 702; 23 N. J. Eq. 440; 51 N. H. 405; 111 U. S. 525; 59 Iowa, 699; 61 *id.* 174; 12 Wheat. 148; 27 Hun, 70; 82 *id.* 70; 27 N. E. 383. 4 Comst. 95 is not the law.

*Martin & Murphy* in reply.

It is useless to argue the dower question. Our statutes were mainly taken from New York, and their construction adopted with them. 4 Comstock, 95; 64 N. Y. 47; 124 N. Y. 599; 133 *id.* 540. The policy of the act of 1891 is not to deprive a divorced wife of dower, but to confer such rights at once. See 9 Me. 140; 55 *id.* 370; 56 Mich. 297; 51 N. H. 405; 5 Am. & Eng. Enc. Law, note to p. 922.

1. When bill of review filed without leave.

BATTLE, J. The chancery court erred in striking from its files appellant's bill of review for the reason that it was filed without leave first had and obtained. It was brought to procure an examination and reversal of a decree made on a bill for divorce on account of alleged errors of law apparent on the face of the record. It is not necessary to obtain leave of the court before a bill of this kind can be filed. *Perry* v. *Phelips*, 17 Ves. 178; Story's Eq. Pl. secs. 404, 405; Mitford's Eq. Pl. 84. In *Jacks* v. *Adair*, 33 Ark. 173, and *Webster* v. *Diamond*, 36 Ark. 538, this court held that a bill of review founded on newly discovered evidence cannot be lawfully filed without leave of the court first ob-

tained; but this rule does not apply to bills of review for errors of law apparent on the face of the decree.

The order to strike the bill from the files of the court should not be reversed, notwithstanding it was erroneous, unless it was prejudicial to the appellant; and it was not if the bill fails to show that she was entitled to the relief asked for therein, and should be affirmed. *Woodall* v. *Moore*, 55 Ark. 22; *Denson* v. *Denson*, 33 Miss. 560; *Bleight* v. *M'Ilvoy*, 4 Mon. 142. Was it prejudicial?

Appellant assigns in her complaint three errors of law in the decree of divorce: 1st, the appellant had not resided in this State for a period of one year before she commenced the action in which the decree of divorce was rendered; 2d, the allowance of alimony was too small and inadequate; and 3d, the alimony should not have been given her in bar of dower in the estate of appellee. The prayer of the bill was that the decree be so modified as to allow her reasonable alimony, and a divorce from bed and board instead of from the bonds of matrimony.

In an examination of the errors assigned, we are confined to the pleadings, proceedings, and decree, as set out in the complaint. In an attack upon a decree by a bill of review for errors of law, a court cannot look into the evidence to see whether the decree is based upon a correct finding of the facts. That is the proper office of a court of competent jurisdiction upon an appeal. But, assuming that the facts upon which the decree rests have been properly found, it is the sole duty of a court to inquire whether the record, exclusive of the evidence, contains any substantial error of law pointed out by the bill of review. Story's Eq. Pl. sec. 407; *Buffington* v. *Harvey*, 95 U. S. 99.

2. Practice on bill of review.

1. Before any person can be entitled to a divorce, under our statute, he or she must allege and prove, in

3. Filing amended bill equivalent to a new suit.

addition to a legal cause of divorce, a residence in this State for one year next before the commencement of the action. The appellant failed to comply with this statutory prerequisite in the beginning of her action as first instituted. She first became a resident of this State on the 17th of April, 1888, and brought suit for a divorce on the 26th of June next following ; and was not, therefore, entitled to a decree for divorce in the action as originally brought. But she amended her complaint by adding an entirely new and distinct cause of divorce, of which the cause on which her action was originally founded formed no part, and by stating that she had been a resident of this State for more than two years next before the filing of the amendment, and by asking for a divorce from the bonds of matrimony, and for alimony. This amendment was filed in June, 1891. Appellee answered it, and denied the allegations as to the grounds of divorce. Depositions were taken to show the residence of the appellant in this State for the one year before the filing of the amendment and the new cause of divorce. Upon this evidence she obtained the decree which she now seeks to set aside by bill of review.

The filing of the amendment setting up an entirely separate and distinct cause of divorce, and the answer to it of appellee, were equivalent to, and not distinguishable from, the beginning of a new suit. In answering, the appellee entered his appearance, and waived summons. The same result was reached as would have been accomplished had a new and original complaint been filed. In that case the appellee could have entered his appearance, as he did, and waived summons, and the same end would have been obtained as was reached by the filing of the amendment. The legal effect of the two proceedings is the same. When a new cause of action is introduced by amendment, a *lis pendens* is not created as to the subject matter of the amendment, and

the statute of limitation does not cease to run until the filing of the amendment. *Curtis* v. *Hitchcock*, 10 Paige, 400; *Holmes* v. *Trout*, 7 Pet. 214; *Sicard* v. *Davis*, 6 Pet. 124; *Wilkes* v. *Elliot*, 5 Cr. C. C. 611. Such has been held to be the effect of an amendment setting up a new cause of divorce in Kentucky. In *Logan* v. *Logan*, 2 B. Mon. 148, it was held that "though an original bill for alimony and divorce may be prematurely filed, yet, if grounds for alimony occur before the hearing, and the facts are set out in an amended bill, and not answered, the court may give the appropriate decree for the complainant." "And so, in *McCrocklin* v. *McCrocklin*, *Id.* 370, the same court held that, though the time of abandonment may not have authorized any decree when the original bill was filed, yet if, before the filing of an amended bill, the abandonment has been sufficiently long to authorize a decree of divorce and for alimony, it may be decreed."

2. As to the sufficiency of the alimony decreed to the appellant, no error of law appears upon the record. That is a fact which appears only in the evidence. Upon this point the decree says: "In the matter of alimony, the same having been heard by the court on proof and arguments of solicitors, and the parties consenting that alimony may be awarded in a *gross sum*, and the court being well and sufficiently advised in the premises, it is ordered and adjudged that out of the estate of the said defendant, Henry Wood, the plaintiff, Mary J. Wood, be, and she is hereby, allowed the sum of $33,000 by way of alimony to be paid to her by the said Henry Wood (or to her solicitors of record, Caruth & Erb), together with the costs accrued in this cause." This is conclusive in this proceeding as to the sufficiency of the alimony, it being a matter which was determined by the court by hearing the evidence. If it was inadequate, the remedy of the appellant was by appeal from the de-

4. Allowance of alimony in gross not error, when.

cree by which it was allowed. *Bauman* v. *Bauman*, 18 Ark. 330.

In allowing alimony in a gross sum the court departed from the course usually pursued in such matters, but this was done by consent. She was represented by solicitors, who were acting within the apparent scope of their authority. She has no right to repudiate her acts of record done by them, but she must abide by them, and hold her solicitors responsible, if they were derelict in their duties, or unfaithful to her injury. In rendering a decree in accordance with consent of parties, given by their respective solicitors, no error of law was committed by the court. *Coster* v. *Clarke*, 3 Edw. Ch. 405; *Price* v. *Notrebe*, 17 Ark. 56; *Beck* v. *Bellamy*, 93 N. C. 129; *Shattuck* v. *Bill*, 142 Mass. 56; *Brockley* v. *Brockley*, 122 Pa. St. 1, 6.

5. Divorce bars dower.

3. In allowing alimony the court decreed that it should be a "bar of all the plaintiff's right of dower in the estate of the said Henry Wood," her former husband. She insists that, the divorce not having been granted on account of her misconduct, the court erred in barring her dotal rights. But this is not true, unless she could have retained her right to dower after her divorce from the bonds of matrimony. She could not at common law. To entitle a party to dower, she must be the wife at the death of the husband. A divorce from the bonds of matrimony barred the claim of dower. *Frampton* v. *Stephens*, 21 Ch. Div. 164; *McCraney* v. *McCraney*, 5 Iowa, 241; *Gleason* v. *Emerson*, 51 N. H. 405; *Barrett* v. *Failing*, 111 U. S. 525; *Day* v. *West*, 2 Edw. Ch. 596; *Reynolds* v. *Reynolds*, 24 Wend. 196; *Wait* v. *Wait*, 4 N. Y. 95; 1 Coke, Lit. c. 5, sec. 36, 32*a.*; 3 Blackstone, 130; 4 Kent, Com. 54; 2 Bishop on Marriage, Divorce and Separation, sec. 1631.

But section 2578 of Mansfield's Digest provides: "In case of divorce dissolving the marriage contract for

the misconduct of the wife, she shall not be endowed."
This is a peculiar statute. Without undertaking to de-
clare the rights of a divorced wife, the legislature
declared by this section in what event she shall not be
endowed. It is a copy of a New York statute without
the enactment of the statutes of the State from which it
was borrowed, which explained and gave it vitality and
effect in that State.

In *Reynolds* v. *Reynolds*, 24 Wend. 193, the origin
and effect of this statute in New York is explained as fol-
lows: "By the statute, Westm. second, (13 Ed. I) c. 34, it
was enacted that 'if a wife willingly leave her husband,
and go away, and continue with her *advouterer*, she shall
be barred forever of action to demand her dower that she
ought to have of her husband's lands, if she be convicted
threupon, except that her husband willingly and without
coercion of the church reconcile her, and suffer her to
dwell with him ; in which case she shall be restored to
her action. 2 Inst. 433. This statute was, in sub-
stance, re-enacted in this State in 1787, 1 Greenl. 294,
sec. 7 ; and it remained in force down to the revision of
the laws in 1830. * * * In 1830, the act of 1877 was
repealed, and, after declaring that a widow shall be en-
titled to dower, a new provision was made in the follow-
ing words : "In case of divorce dissolving the marriage
contract, for the misconduct of the wife, she shall not be
endowed.' 1 R. S. 741, sec. 8. Under this statute the
adultery is not enough. It must be followed by a di-
vorce dissolving the marriage contract. This brought
us back to the common law, as it stood before the stat-
ute of 13 Ed. I, for, as we have already seen, adultery
did not work a forfeiture at common law. And as to a
divorce *a vinculo*, that always put an end to the claim of
dower; for, although it was not necessary that the
seisin of the husband should continue during the cover-
ture, it was necessary that the marrige should continue

until the death of the husband.   Co. Lit. 32*a*; 2 Bl.
Com. 130; 2 Kent, Com. 52*c* and p. 54.   The statute
bar for the mere act of adultery, which had existed for
more than five centuries and a half, was blotted out by
the repeal of the act of 1787—the British statutes not
being in force in this State; and the 8th section of the
act of 1830 has added nothing to the law as it would have
stood had the legislature stopped with a simple repeal
of the act of 1787."

In *Wait* v. *Wait*, 4 N. Y. 95, the court, overlooking
*Day* v. *West*, 2 Edw. Ch. 592, and *Reynolds* v. *Reynolds*,
24 Wend. 193, "held that a judgment dissolving a valid
marriage for the adultery of the husband did not cut off
the wife's inchoate right to dower in lands of which he
was at the date of the judgment, or theretofore had been,
seized."   In speaking of the decree dissolving the mar-
riage in that case, the court said:   "The statutory divorce
is limited in its operation, and only affects the rights
and obligations of the parties, to the extent declared
by statute.   *   *   *   *   *   It is true, that the de-
cree is, that the marriage be dissolved, and that each
party be freed from the obligations thereof.   This dis-
solution and release, however, is not absolute.   The
wife, when the husband is the guilty party, is still
entitled to her support, and *the obligation of mar-
riage still rests upon the husband, so far as to render
it unlawful for him again to marry*.   When the wife is
the guilty party, the marriage still continues in force, so
far as to give the husband a title to her property, and to
render it unlawful for her to marry.   As a further pen-
alty for her offense, the legislature has declared, that
when the wife is convicted of adultery, she shall not be
entitled to dower in her husband's real estate."

Holding that a decree of divorce had no other effect
than that declared by the statute, and finding that the
dissolution of marriage by the decree was not absolute,

but that the obligation of marriage, according to the statutes of New York, still rested upon the husband, so far as to render it unlawful for him again to marry, the court rested its decision in *Wait* v. *Wait* on the ground that the section which provided that, "in case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed," by denying a wife's right to dower when divorced for adultery, by fair implication saved it when a divorce was granted for the adultery of the husband. This decision, even under the peculiar laws of New York, has been questioned. *Moore* v. *Hegeman*, 27 Hun, 70; aff'd 92 N. Y. 521; *Price* v. *Price*, 124 N. Y. 599; 2 Bishop on Marriage, Divorce and Separation, sec. 1635.

But there is no statute in this State limiting the dissolution of the marital ties to either party. Under the statutes the courts can impose on the husband the obligation to support the divorced wife by way of alimony, but in a divorce *a vinculo* the dissolution of the marriage is absolute. The common law in this respect is unrepealed. Here no *quasi* marital relation or condition exists, after a divorce from the bonds of matrimony has been granted, upon which the right to dower can attach. Under the statutes of this State the widow only is entitled to dower. It is true that the language of section 2578 of Mansfield's Digest indicates the opinion that the wife would be entitled to dower if the divorce should be granted on account of the misconduct of the husband, but, as said by Chief Justice Marshall in *Postmaster-General* v. *Early*, 12 Wheat. 148, "a mistaken opinion of the legislature concerning the law does not make law." Endlich on Statutes, sec. 372.

At the time appellant was granted a divorce, a statute of this State, enacted on the second of March, 1891, provided that a wife who has been granted a divorce from the bonds of matrimony "shall be entitled

6. As to divorced wife's right to share in husband's estate.

to one-third of her husband's personal property absolutely, and one third part of all the lands whereof her husband was siezed of an estate of inheritance at any time during the marriage, for her life, unless the same shall have been relinquished by her in legal form," and the final order or judgment of divorce "shall designate the specific property, both real and personal, to which such wife is entitled." It is contended by appellant that if the filing of the amendment to her complaint was the beginning of a new action, the act of March 2nd was in force at its commencement, and the one-third part of the estate of her divorced husband should been set apart to her, according to its terms. But she did not assign the failure to do so as an error in her bill of review, and seek to have it corrected. On the contrary, she sought to have the decree of divorce from the bonds of matrimony set aside, and thereby to surrender the right to one-third of her husband's estate, if she was entitled to it, and for a divorce from bed and board and for alimony against appellee. She, therefore, has no right to complain in this court that she did not recover that which she neither asked for nor desired.

Appellant did not undertake to show, in her original or amended bill for divorce, that she was entitled to the benefits of the act of March 2, 1891. Her original bill was filed before it was passed, and it was not amended thereafter in that respect. For the purpose of showing that she was entitled to considerable alimony, she alleged in the original bill that the defendant was not worth less than $200,000, but did not say in what his estate consisted, or that it was within the jurisdiction of the court. No information is given to show that the court had the jurisdiction, by reason of the quality and location of the property, to set apart to her one-third of it under the act. It might have been real estate situate

in another State. Nothing appears in the record, outside of the evidence, to show that the court committed an error of law in failing to divide the estate of the husband in accordance with the act.

Decree affirmed.