# JOHN BUCKLEY and J. J. SULLIVAN *v.* M. D. MONSARRAT.

## ORIGINAL.

SUBMITTED JUNE 27, 1899.    DECIDED DECEMBER 13, 1899.

### FREAR AND WHITING, JJ.

A decree of divorce *a vinculo matrimonii* cuts off all right to dower in the wife.

OPINION OF THE COURT BY WHITING, J.

This case was presented under Sec. 1140 of Civil Laws as amended by Act 18, Session Laws 1898, on a submission of case without action. The facts out of which the controversy arises, as stated in the submission, are as follows:

On the 1st day of June, 1882, M. D. Monsarrat intermarried

with one Florence E. Luce and she became his wife in accordance with the laws of the Hawaiian Islands. At the date of his marriage with the said Florence E. Luce, the said M. D. Monsarrat was possessed of or owned an estate in fee simple consisting of an undivided one-fifth share of a piece of land situate on Union street, Honolulu, and continued to own such share of the said land until a date to be hereinafter mentioned.

On or about the 18th day of August, 1895, the said Florence E. Luce, then the wife of the said M. D. Monsarrat, obtained an absolute divorce from him in the Circuit Court of the First Circuit on the ground of non-support by him. A copy of the decree in the divorce suit, *Monsarrat v. Monsarrat*, is hereto annexed and marked Exhibit "A."

On or about the 2d day of April, 1896, the said Florence E. Luce, then intermarried with and became and she now is the wife of C. V. E. Dove in accordance with the laws of the Hawaiian Islands. That on the 15th of March, 1899, the said M. D. Monsarrat sold and by a deed of conveyance conveyed to the said John Buckley and John J. Sullivan his undivided one-fifth share of the said land on Union street, Honolulu, and by said deed of conveyance he, together with the other parties to the deed, covenanted with the said John Buckley and John J. Sullivan, that he had good right to sell and convey to them the said undivided one-fifth share of the land described in the said deed of conveyance and that such share was free of and from all incumbrances. A copy of said deed of conveyance is hereto annexed and marked Exhibit "B."

It is admitted that if Mrs. Dove had remained the wife of the said M. D. Monsarrat she would have been entitled, upon his death, if then living, to a dower interest in the property so sold to the said John Buckley and John J. Sullivan.

It is also admitted that if the said Florence E. Dove had continued the wife of the said M. D. Monsarrat and such deed of conveyance to the said John Buckley and John J. Sullivan had been executed without her joining to release her dower or without releasing her dower by a separate agreement, this omission

would have caused a breach of the covenant in the said deed of conveyance against incumbrances, and on action brought the said John Buckley and John J. Sullivan would have been entitled to recover damages.

The question for submission to the court is:

1st.  Has Mrs. Dove by her divorce from the said M. D. Monsarrat and her subsequent re-marriage with the said C. V. E. Dove forfeited her right to dower in the piece of land conveyed by said M. D. Monsarrat to the said John Buckley and John J. Sullivan?

This question has been passed upon by many courts and text writers, not all, however, arriving at the same conclusion. The weight of authority is that she has no claim to dower. Many states have preserved her right to dower by statute.

In *Barrett v. Failing*, 111·U. S. 524, Mr. Justice Gray says: "Unless otherwise provided by local law, a decree of divorce by a court having jurisdiction of the cause and of the parties dissolving the bonds of matrimony puts an end to all obligations of either party to the other, and to any right which either has acquired by the marriage in the others' property, except so far as the court granting the divorce, in the exercise of an authority granted it by the legislature, orders property to be transferred or alimony to be paid by one party to the other.  *  *  *  It has been generally held that a valid divorce from the bond of matrimony, for the fault of either party, cuts off the wife's right of dower, and the husband's tenancy by the curtesy, unless expressly or impliedly preserved by statute."

*Bell v. Smalley*, 45 N. J. Eq. 478, was a case where a will directed that in case A's wife shall survive him an annual payment shall be made her during her *widowhood*, but shall cease at her re-marriage or on her death; it was held that if A and his wife are divorced, so that when A dies the woman who was his wife does not become his widow, she will not be entitled to the legacy. The court says: "The period for which the gift is to continue in force is during her widowhood. At her re-marriage, or on her death, the will says the principal shall be distributed. So that it is perfectly clear that the testatrix meant that Hannah should only take while she remained the widow of Francis, and it necessarily follows that the status or condition became such,

prior to the death of Francis, that she did not become his widow by his death, she has not now and never can have the character in which alone she can take. By the decree of divorce she became a *feme sole*, and could, the next day after that decree was pronounced, have lawfully contracted a new marriage. * * * Now although Hannah survived the man who was the husband, she was not his wife when he died, but a *feme sole* and consequently did not become his widow by his death."

*Rice v. Lumley*, 10 Oh. St. 596. "Dower is provided for by statute in Ohio and is only allowed to the *widow* who was the wife of the person dying at the time of his death. A woman who has obtained a divorce for the fault of the husband and afterward married another man, is not, after the first husband's death, entitled to dower in his real estate. In such case, the dower is not lost by way of forfeiture; but a woman divorced *a vinculo matrimonii* from her first husband, and by subsequent marriage the wife of another man, at the time of the death of the person who had been her first husband, is not the widow of the latter within the terms of the statute relating to dower." Two judges dissenting holding that she was entitled to dower.

The case of *Rice v. Lumley*, was based on Statute of 1824, concerning divorce and alimony which provided "that when the cause of divorce shall arise from the aggression of the wife, she shall be barred of her right of dower." See *Lamkin v. Knapp*, 20 Oh. St. 454. By a later Statute of 1840, the right of dower is preserved in cases of divorce through fault of husband. The court says, however, that "it would seem that the weight of authority in this country where there is no statute affecting the question, is in accordance with the holding in *Rice v. Lumley* (10 Oh. St. 596) that dower" is only allowed to the *widow* who was the *wife* of the person dying at the time of his death; citing Scribner Dower 519; 2 Bishop Mar. & Div., 3 ed. Sec. 661; 4 ed. Sec. 706.

*Gould v. Crow*, 57 Mo. 200. The Court says: "After dissolution (of the marriage status by decree of divorce) neither party can claim rights dependent upon its continued existence. The husband is no longer entitled to curtesy in his wife's lands, or to recover to his possession her choses in action, and the wife's incomplete right to dower in his lands wherever situated must cease. These are the doctrines of the common law. There may be some statutory changes of some of the State Courts on these questions. This is the conclusion arrived at by Bishop in his celebrated treatise on marriage and divorce. After a thorough

discussion and citation of authorities he says: 'Still, in the absence of any statutory provision, the unwritten law of our states, in general, does not recognize the status of marriage in a woman who has no husband. Consequently it does not recognize in her the existence of property rights which hang directly upon this status. 2 Bishop Mar. & Div., 5 ed., Secs. 155 to 170 and cases cited.' "

In *Hunt v. Thompson*, 61 Mo. 152, "A wife divorced from her husband can only have dower in his estate, where it is given by statute. Three things, viz.: marriage, seisin and death of the husband, are requisite to consummate the right of dower. By the common law no woman can have dower in her husband's lands, unless the coverture continues up to the time of his death. According to the elementary treatises on the subject the marriage must continue until the husband's death, and the claimant must then be his actual wife, this being essential to constitute her his widow, as it was only the widow that could be endowed. But an absolute decree of divorce annuls and destroys the marriage relation, and hence the *maxim ubi nullum matrimonium, ibi nulla dos.*   *   *   *   *   The enactment of the statute provides that if any woman be divorced from her husband for the fault or misconduct of the husband, she shall not thereby lose her dower. This section changes the common law only so far as to give the wife dower when the marriage relation is dissolved by a decree of divorce for the husband's fault or misconduct. Previously the divorce destroyed her widowhood and defeated the right of dower. The statute interposed and saved the right, but did not fix any earlier period for its consummation than formerly existed, viz.: the death of the husband. (*Gleason v. Emerson*, 51 N. H. 405; *Billan v. Hecklebrath*, 23 Ind. 71; *Fletcher v. Monroe*, 145 Ind. 58; *Lewis v. Slater*, 2 Greene (Ia) 604; *Mc-Craney v. McCraney*, 5 Iowa 231.)"

The Hawaiian statute relating to dower is Civil Laws, Section 1906. "Every *woman* shall be endowed of one third part of all the lands owned by her husband at any time during marriage in fee simple, in freehold, or for the term of fifty years or more so long as twenty-five years of the term remains unexpired, but in no less estate *unless she is lawfully barred thereof.*"

Section 1907. "If a husband seized of lands in fee simple etc., as specified in the preceding section, shall exchange them for other lands, his *widow* shall not have dower in both," etc.

Section 1914. "In case of divorce, dissolving the marriage contract for the misconduct of the *wife*, she shall not be en-

dowed." See also Section 1946, the Statute of Divorce, same effect.

Section 1915. A *woman* may bar her dower by joining with the husband in deed or by her separate deed of release.

There are other provisions of the statute relating to barring of dower which are not applicable to this case.

The statute of divorce authorizes a provision to be made for the wife out of property of the husband.

Dower and divorce are allowed by the Hawaiian statutes independent of the common law. *Carter v. Carter*, 10 Haw. 693.

The statutes of New York contain provisions substantially the same as the Hawaiian statutes, viz.: "Estates of dower. In case of divorce dissolving the marriage contract for the misconduct of the wife she shall not be endowed," and in the statute relating to divorce, "a wife being a defendant in a suit for a divorce brought by her husband and convicted of adultery shall not be entitled to dower." The Court of Appeals of New York passed upon the divorced wife's right to dower under those statutes in *Wait r. Wait,* 4 N. Y. 95. The wife obtained a decree of divorce dissolving the marriage contract for the adultery of her husband. Later he died, and she claimed dower in premises of which he was seised prior to the divorce. The court held that she was entitled to dower and that the legislature of New York by expressly enacting that "in case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed" manifested an intention that she should retain her right of dower in case of a divorce for misconduct of the husband.

The contrary was laid down by the Vice-Chancellor in *Day v. West,* 2 Edw. Ch. 592. "It may be asked what becomes of the wife's right of dower where she proceeds against her husband and obtains a divorce *a vinculo matrimonii?* The answer is obvious. In such a case all right to dower is gone; not, however, because she has obtained an allowance of permanent alimony, or anything in lieu of alimony, if either should be decreed, but because of the dissolution of the marriage which puts an end to the relation of husband and wife; and by necessary consequence to the right of dower; since it is essential to dower that the marriage should subsist at the death of the husband. A woman cannot have dower who is not the wife of a man in whose lands she claims it at the time of his death."

The case of *Wait v. Wait,* has been criticised in the courts of New York and also in other courts and by text writers, Bishop Mar. & Div. 6 ed. Sec. 706.

In *Price v. Price*, 124 N. Y. 599, (decided in 1891) Follett, C. J., says: "In *Wait v. Wait* (4 N. Y. 95), it was held that a judgment dissolving a valid marriage for the adultery of the husband did not cut off the wife's inchoate right to dower in lands of which he was at the date of the judgment, or theretofore had been seised; and she having survived, dower was assigned. The court rested its decision on the ground that the sections denying a wife's right to dower when divorced for her adultery, by fair implication saved it when a divorce was granted for the adultery of the husband. The learned judge, who wrote, in the case last cited, seems to have overlooked *Charrnand v. Charrnand* (1 N. Y. Leg. Obs. 134); *Day v. West* (2 Edw. Ch. 592) and *Reynolds v. Reynolds* (24 Wend. 193); and the judgment has not escaped criticism (*Moore v. Hegeman*, 27 Hun. 68; Affd. 92 N. Y. 521. 2 Bishop Mar. & Div. Sec. 706); but the result reached by it has lately been confirmed by statute (Code Civ. Pro. Sec. 1754.")

*Wood v. Wood*, 59 Ark. 441, 28 L. R. A. 157, decided in 1894, holds directly contrary to *Wait v. Wait* and we quote at length from the decision:

"In allowing alimony the court decreed that it should be a 'bar of all the plaintiff's right of dower in the estate of the said Henry Wood,' her former husband. She insists that, the divorce not having been granted on account of their misconduct, the court erred in barring her total rights. But this is not true, unless she could have retained her right to dower after divorce from the bonds of matrimony. She could not at common law. To entitle a party to dower, she must be the wife at the death of the husband. A divorce from the bonds of matrimony barred the claim of dower. *Frampton v. Stephens*, L. R. 21 Ch. Div. 164; *McCraney v. McCraney*, 5 Iowa 241; 68 Am. Dec. 702; *Gleason v. Emerson*, 51 N. H. 405; *Barrett v. Failing*, 111 U. S. 525, 28 L. ed. 505; *Day v. West*, 2 Edw. Ch. 596, 6 L. ed. 517; *Reynolds v. Reynolds*, 24 Wend. 196; *Wait v. Wait*, 4 N. Y. 95; 1 Co. Litt. chap. 5, Sections 36, 32 a.; 3 Bl. Com. 130; 4 Kent, Com. 54; 2 Bishop, Mar., Div. & Sep. Section 1631.

"But section 2578 of Mansfield's Digest provides: 'In case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed.' This is a peculiar statute. Without undertaking to declare the rights of a divorced wife, the legislature declared by this section in what event she shall not be endowed. It is a copy of a New York statute without the enactment of the statutes of the state from which it was bor-

rowed, which explained, and gave it vitality and effect in that state.

"In *Reynolds v. Reynolds*, 24 Wend. 193, the origin and effect of this statute in New York is explained as follows: 'By the statute, Westm. II. (13 Edw. I chap. 34), it was enacted that if a wife willingly leave her husband, and go away, and continue with her advoutrer, she shall be barred forever of action to demand her dower that she ought to have of her husband's lands, if she be convicted thereupon, except that her husband willingly, and without coercion of the church, reconcile her, and suffer her to dwell with him, in which case she shall be restored to her action.' 2 Co. Inst. 433. This statute was, in substance, re-enacted in this state in 1787 (1 Greenl. Stat. 294, Sec. 7), and it remained in force down to the revision of the laws in 1830. * * * In 1830 the Act of 1787 was repealed, and, after declaring that a widow shall be entitled to dower, a new provision was made in the following words: 'In case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed.' 1 Rev. Stat. 741, Sec. 8. Under this statute the adultery is not enough. It must be followed by a divorce dissolving the marriage contract. This has brought us back to the common law as it stood before the Statute of 13 Edw. I., for, as we have already seen, adultery did not work a forfeiture at the common law. And as to a divorce *a vinculo*, that always put an end to the claim of dower, for, although it was not necessary that the seisin of the husband should continue during the coverture, it was necessary that the marriage should continue until the death of the husband. Co. Litt. 32 a.; 2 Bl. Com. 130; 2 Kent., Com. p. 52c, and Id. p. 54. The statute bar for the mere act of adultery, which had existed for more than five centuries and a half, was blotted out by the repeal of the Act of 1787, the British statute not being in force in this state; and the eighth section of the Act of 1830 has added nothing to the law as it would have stood had the legislature stopped with a simple repeal of the Act of 1787.'

"In *Wait v. Wait*, 4 N. Y. 95, the court overlooking *Day v. West*, 2 Edw. Ch. 592, 6 L. ed. 515, and *Reynolds v. Reynolds*, 24 Wend. 193, 'held that a judgment dissolving a valid marriage for the adultery of the husband did not cut off the wife's inchoate right to dower in lands of which he was at the date of the judgment or theretofore had been seised.' In speaking of the decree dissolving the marriage in that case, the court said: 'The statutory divorce is limited in its operation, and only

affects the rights and obligations of the parties, to the extent declared by statute.   *   *   *   It is true that the decree is that the marriage be dissolved, and that each party freed from the obligations thereof.  This dissolution and release, however, is not absolute.  The wife, when the husband is the guilty party, is still entitled to her support; and the obligation of the marriage still rests upon the husband so far as to render it unlawful for him again to marry.  When the wife is the guilty party, the marriage still continues in force so far as to give the husband a title to her property, and to render it unlawful for her to marry.  As a further penalty for the offense, the legislature have declared that when the wife is convicted of adultery she shall not be entitled to dower in her husband's real estate.'

"Holding that a decree of divorce had no other effect than that declared by the statute, and finding that the dissolution of marriage by the decree was not absolute, but that the obligation of marriage, according to the statutes of New York, still rested upon the husband so far as to render it unlawful for him again to marry, the court rested its decision in *Wait v. Wait* on the ground that the section which provided that, 'in case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed,' by denying a wife's right to dower when divorced for adultery, by fair implication saved it when a divorce was granted for the adultery of the husband.  This decision, even under the peculiar laws of New York, has been questioned.  *Moore v. Hegeman*, 27 Hun, 70, affirmed 92 N. Y. 521, 44 Am. Rep. 408; *Price v. Price*, 124 N. Y. 599, 12 L. R. A. 359; 2 Bishop, Mar., Div. & Sep. Section 1635.

"But there is no statute in this state limiting the dissolution of the martial ties to either party.  Under the statutes divorced wife by way of alimony, but in a divorce *a vinculo* the dissolution of the marriage is absolute.  The common law in this respect is unrepealed.  Here no quasi marital relation or condition exists, after a divorce from the bonds of matrimony has been granted, upon which the right to dower can attach.  Under the statutes of this state the widow is only entitled to dower.  It is true that the language of section 2578 of Manfield's Digest indicates the opinion that the wife would be entitled to dower if the divorce should be granted on account of the husband, but as said by Chief Justice Marshall in *Postmaster General of United States v. Early*, 25 U. S. 12 Wheat. 14, 86 L. ed. 582, "a mistaken opinion of the legislature concerning the law does not make law."  Endlich, Interpretation of Statutes, Section 372.

The question submitted to the court, "Has Mrs. Dove by her divorce from said M. D. Monsarrat and her subsequent re-marriage with the said C. V. E. Dove forfeited her right to dower in the piece of land conveyed by said Monsarrat to Buckley and Sullivan?" We answer in the affirmative.

*Henry Holmes* for the plaintiffs.

*Lorrin Andrews* for the defendant.