MILLER *v.* NUCKOLLS.

Opinion delivered September 30, 1905.

1. SLANDER—REVIVAL OF JUDGMENT.—While an action of slander abates
   with the death of either the plaintiff or the defendant, yet, if final
   judgment has been entered in plaintiff's favor, and defendant appeals,
   and thereafter dies, the action does not abate, as the action has become
   merged in the judgment. (Page 486.)

2. APPEAL—EFFECT OF. SUPERSEDEAS.—An appeal with supersedeas does
   not have the effect of vacating a judgment, but only of staying pro-
   ceedings thereunder. (Page 486.)

Appeal from Independence Circuit Court.

FREDERICK D. FULKERSON, Judge.

Motion to abate cause overruled.

*Gustave Jones,* for appellant.

*W. A. Oldfield* and *Wright & Matheny,* for appellee.

McCULLOCH, J.   This is an action for slander.   The plaintiff
(appellee) recovered judgment below, and the defendant (appel-
lant) took an appeal to this court.   Since the appeal was per-
fected, the appellant died, and his attorney, as *amicus curiae,*
presents this motion to abate the cause.   The appellee responds to
the motion, and asks that the cause be revived against the ad-
ministrator or executor of the deceased.

At common law actions of this kind abated with the death of
either party, the wrongdoer or the party injured.   *"Actio per-
sonalis moritur cum persona"* was a maxim of the common law.
The statute of this State providing for revival of causes of action
for wrongs done to the person expressly excepts from its opera-
tion actions for slander or libel, thus leaving the common-law
rule in force as to those actions.   Kirby's Digest, § 6286.   It does
not follow, however, that after a verdict and judgment in favor
of the plaintiff an action for slander or libel abates.   On the con-
trary, we hold that the cause of action becomes merged in the
judgment, and, unless the same be set aside or reversed, there can
be no abatement.   This view is sustained by authority.   Newell·
on Slander and Libel, p. 375; 21 Enc. of Pl. & Pr. p. 351; *Dial*
v. *Holter,* 6 Ohio St. 228; *Ackers* v· *Ackers,* 16 Lea (Tenn.), 7.

An appeal and supersedeas do not have the effect of vacating
a judgment, but only stay proceedings. thereunder.   *Fowler* v·
*Scott,* 11 Ark. 675; 2 Cyc. p. 971; 20 Enc. Pl. & Pr., p. 1240;
*Runyon* v. *Bennett,* 4 Dana, 599; *Low* v. *Adams,* 6 Cal. 277;
*Martin* v. *South Salem Land Co.,* 94 Va. 28; *Fawcett* v. *Superior
Court,* 15 Wash. 345.

The motion to abate is therefore overruled.