ARTHUR A. WILDER v. LUCIUS E. PINKHAM, GOVERNOR OF THE TERRITORY OF HAWAII; J. H. FISHER, AUDITOR; CHARLES J. McCAR-THY, TREASURER, AND CHARLES R. FORBES.

No. 985.

MOTION TO DISMISS.

ARGUED JANUARY 25, 1917.          DECIDED FEBRUARY 1, 1917.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE WHITNEY,

IN PLACE OF COKE, J., DISQUALIFIED.

APPEAL AND ERROR—*appeal from equity decree.*

The proceeding in the supreme court upon an appeal from a decision of a circuit judge sitting in equity is not a hearing *de novo,* but a review of the decree and of the issues determined thereby.

ABATEMENT AND REVIVAL—*suit by taxpayer—death of appellee.*

A suit by a resident taxpayer to restrain the illegal expenditure of public money will not be dismissed because of the death of the complainant after a decree has been entered in his favor and after the time for the filing of his brief in the supreme court on an appeal by the respondents has expired but the appeal will be decided *nunc pro tunc* as of a day prior to the death of the appellee.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is a motion by the respondents-appellants to dis-

miss the suit which is now pending in this court upon appeal from a decree of a circuit judge because of the death of the appellee and on the ground that the cause of action has not survived to another. The suit was instituted by the complainant as a resident taxpayer to obtain an injunction against the approval and allowance of an alleged illegal claim against the Territory of the respondent Forbes and its payment out of public funds. A permanent injunction does not appear to have been issued, but the final decree itself orders the respective parties to refrain from approving, allowing, paying and collecting the claim. No point in this connection has been raised by the movants. The argument of counsel for the movants proceeds upon the contention that the appeal to this court involves a hearing of the case *de novo* upon the original cause of action. This, we think, is not the correct view. An appeal from the final decree of a circuit judge sitting in equity brings up to this court the entire case, including issues of fact, but, the hearing is had upon the record, unless newly discovered evidence be admitted, and the function of this court is to review the decree appealed from and to reverse, modify or affirm it, or to remand the cause to the circuit judge for a new hearing. R. L. 1915, Sec. 2509. The taking of the appeal did not vacate the decree. The statute relating to the abatement of actions (R. L. 1915, Ch. 145), assuming that it applies to suits in equity, does not cover the case of the death of a party pending an appeal in this court. The usual method of reviving a suit in equity is by bill of revivor. And it is held that where an injunction has been issued it does not become inoperative because of the abatement of the suit upon the death of the complainant, but that an order may be made requiring the complainant's representatives to revive within a stated time or that the injunction will be dissolved. *Hawley* v. *Bennett,* 4 Paige 163. But in the case at bar the suit had gone to final decree in the complainant's lifetime.

o

It is urged that a taxpayer's suit such as this involves the assertion of a mere personal right which ends absolutely with the death of the complainant. We are unable to sustain the contention. The theory upon which a suit by a taxpayer to restrain the illegal expenditure of public money may be maintained is that of protection to the property rights of the complainant. *Castle v. Secretary,* 16 Haw. 769, 776; *Crampton v. Zabriskie,* 101 U. S. 601; 5 Pom. Eq. Jur. Secs. 344, 345. The complainant must show some damage (*McCandless* v. *Pratt,* 211 U. S. 437), but it is enough that the circumstances are such that damage to all taxpayers may be presumed. *Lucas* v. *Haw. E. & C. Co.,* 16 Haw. 80, 86. Upon this view of the matter, it would probably have to be held that upon the death of a complainant before decree those persons who succeeded to his property interests would have the right to revive the suit. *Gurley* v. *New Orleans,* 124 La. 390. In the case of *Gordon* v. *Strong,* 158 N. Y, 407, where the plaintiff in a taxpayer's suit, who was also the appellant, died pending an appeal, an order of revival was made in favor of the plaintiff's executors. There the statute provided that "for wrongs done to the property, rights or interests of another" except actions for injuries to the person "an action may be brought by the person injured, or, after his death, by his executors or administrators, against such wrongdoer, in the same manner and with like effect, in all respects, as actions founded upon contracts." But in disposing of this motion we think we ought not to examine into the merits of the case to ascertain whether there is merit in the contention of counsel that the complainant in this case failed to show that any pecuniary interest of his was affected. It is enough for the present that the complainant obtained a favorable decree and that the burden is upon the appellants to show upon a consideration of the merits of the case that it was erroneous.

The appeal was docketed in this court on November 18, 1916. The appellants filed their opening briefs on December 2. The time for the filing of the appellee's brief expired, under the rule of court, on December 12. The appellee died on January 4, 1917, without having filed a brief. He was not obliged to file a brief in this court, but could rest upon the presumption that the decree of the circuit judge was right. Under the circumstances, therefore, the appeal could have been argued and submitted without an appearance by or on behalf of the appellee at any time after the 12th of December. As a general rule the death of a party after an appeal has been submitted and taken under advisement does not affect the status of the appeal, for the court, upon being advised of the death of the party, may decide the appeal *nunc pro tunc* as of a day prior to his death. *Bell* v. *Bell,* 181 U. S. 175; *Danforth* v. *Danforth,* 111 Ill. 236; *Powe* v. *McLeod,* 76 Ala. 418. We think that this rule, under the circumstances of this case, may appropriately be applied here. The case has not been argued but the arguments of appellants may be presented now as they might have been in the absence of the appellee during his lifetime. Should the decision of this court upon the merits of the case result in the reversal of the decree and require further proceedings in the court below the respondents may take such steps to secure the revival of the suit or its dismissal as they may be advised. Should the decree be affirmed it will, of course, remain in effect.

The motion is denied.

*Arthur G. Smith* and *A. Perry* for the motion.