FRANK C. BERTELMANN, HENRY G. BERTELMANN, CHRISTIAN BERTELMANN, ANGELINE BERTELMANN MURASKY, HATTIE BERTELMANN BANNISTER, BEATRICE BERTELMANN ROSS, WILHELMINA BERTELMANN BAKER, AND MRS. HELEN M. COCKETT *v.* MRS. ELIZABETH KAIO, MRS. ELSIE COLLIN, STEPHEN L. DESHA, AND WALTER W. SCOTT, A MINOR, JANET M. SCOTT, A MINOR, AND RUBENA F. SCOTT, A MINOR, BY THEIR GUARDIAN AD LITEM, BISHOP TRUST COMPANY, LIMITED, AN HAWAIIAN CORPORATION.

## No. 994.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

### HON. C. W. ASHFORD, JUDGE.

ARGUED MARCH 12, 1917.　　　　　　DECIDED MARCH 17, 1917.

### ROBERTSON, C.J., QUARLES AND COKE, JJ.

APPEAL AND ERROR—*annulment of decree by writ of error—divorce.*

Where, in a divorce case, a decree is rendered granting the wife, as libellant, a divorce and alimony the defendant sues out a writ of error for the purpose of reviewing the said decree, but dies during its pendency in the supreme court, the decree is not annulled by the issuance of the writ of error, and the libellant therein

is not the widow of the libellee notwithstanding she filed in the supreme court, after the death of the libellee, a confession of error, no judgment, order or mandate having been made in the supreme court reversing the decree of divorce.

OPINION OF THE COURT BY QUARLES, J.

The plaintiffs are the heirs at law of Susan Bertelmann Kahilina (hereinafter for convenience called Susan) who died September 2, 1915. Susan was formerly the wife of Isaac H. Kahilina (hereinafter for convenience called Isaac) who died November 18, 1902, leaving certain lands from which the defendants, as heirs, have been collecting rents since his death. Plaintiffs claim to have inherited from their said mother an interest in said lands which she, plaintiffs contend, inherited from Isaac as his lawful widow, and demand of defendants an accounting for such rents, to procure which the bill of complaint herein was filed. To the bill of complaint the defendants filed a plea in bar in which they allege that Susan was not the widow of said Isaac at his death as alleged in the complaint; that said Susan filed in the circuit court of the first judicial circuit of the Territory of Hawaii on the 14th day of February, 1902, her amended libel for divorce against said Isaac praying that the bonds of matrimony then existing between them be dissolved; that thereafter and on February 24, 1902, the said case was duly heard; and that on February 25, 1902, the said court did make and file its decree adjudging and decreeing that the bonds of matrimony theretofore existing between the said Susan and the said Isaac be dissolved and annulled and held for naught as shown by copy of the record, pleadings and decree in said divorce suit referred to and made a part of the plea in bar. To the plea in bar the plaintiffs filed a traverse in which it is admitted that the said libel for divorce was filed and the decree divorcing the parties was made and filed, but affirmatively alleging that the said Isaac sued out a writ of error on the 4th day of

April, 1902, in the supreme court of Hawaii to review and reverse the said decree granting a divorce and granting alimony to Susan, the libellant therein; that thereafter and on May 13, 1903, Susan, as defendant in error in said divorce suit, filed a confession of error in the cause in the supreme court; that said writ of error was pending in the supreme court at the time of the death of said Isaac and was not disposed of until the filing of said confession of error by the said Susan. To the traverse the defendants filed a rejoinder in which they allege that one Samuel Kanewanui was duly appointed by the circuit court of the fifth judicial circuit as administrator of the estate of said Isaac on the 23d day of January, 1903, and immediately qualified as such administrator; admit the filing of the confession of error by the said Susan, but say that it was filed without notice to the said administrator of Isaac and that no notice thereof was given to the defendants; that after the death of said Isaac no suggestion of his death was made in the cause in the supreme court and no order reviving the cause in favor of the said personal representative was made therein, and no decree, mandate or order was made by the supreme court setting aside or reversing the decree of divorce, as shown by the records and proceedings in the said cause in the supreme court referred to and made a part of the rejoinder. There is no controversy as to the facts. The circuit judge sustained the plea in bar and made a decree dismissing the bill, from which the plaintiffs have appealed.

From the facts, briefly outlined above, it is contended by the plaintiffs, appellants, that by reason of the suing out of the writ of error (and the confession of error filed by Susan) the decree of divorce was of no effect at the time of the death of Isaac and that Susan was then his wife and as such inherited an interest in his said lands which have descended to the plaintiffs as heirs at law of Susan. Unless this contention is correct the decree of the circuit judge

sustaining the plea in bar and dismissing the plaintiffs' bill of complaint must be affirmed.

Under Civil Laws of Hawaii 1897, Secs. 1445, 1446, 1456, a writ of error could be had for error of law or fact appearing on the record or for any error that might be assigned as error at common law; the record to be deemed to include all of the pleadings, motions, notes or bills of exceptions, exhibits, clerk's or magistrate's notes of proceedings, and, if desired by the plaintiff in error, a transcript of the evidence; the supreme court had power to enter such judgment in the case as in their opinion the facts and law warranted. The provisions of the Civil Laws 1897 are limited and restricted by those of Sec. 1447 wherein it is provided that "There shall be no reversal on error of any finding depending on the credibility of witnesses or the weight of the evidence." The power of this court to reverse the decree in an equity suit on the facts is broader where the case comes here on appeal than when it comes up on writ of error. Plaintiffs contend that as the supreme court had power to make such decree as the law and facts warranted the suing out of the writ of error practically amounted to granting a new trial and that there was no decree of divorce at the time of the death of Isaac. We are cited to the case of *Rishel* v. *Rishel*, 24 Pa. S. C. 303, and to the case of *McGrail* v. *McGrail*, 51 N. J. Eq. 537, as authority to the effect that an appellate court should carefully scrutinize the evidence in a divorce suit and either reverse, affirm or modify the decree of divorce in accord with the law and facts of the case. The rules announced in these decisions are correct. We are unable to agree to the proposition contended for by the plaintiffs and apparently supported by the decision in *Rosenfeld* v. *Stix*, 67 Mo. Ap. 582 (and two other Missouri Appeal decisions therein cited), that because of the writ of error, and the death of Isaac during its pendency, that Susan was his wife at the time of his death. We have no

statute or judicial precedent in this jurisdiction to the effect that the issuance of a writ of error has any more effect in a divorce case than it has in any other case. The proposition was recently advanced in this court to the effect that where there is an appeal from a decree in an equity suit the cause comes here for a trial *de novo,* and that the defendant in error having died pending the writ of error this court should enter a decree dismissing the suit, but we held otherwise (*Wilder* v. *Pinkham, ante* p. 571). An appeal or writ of error, while it may suspend the operation of a judgment or decree appealed from, does not *ipso facto* abrogate such judgment or decree. The decree in the divorce case remained binding on the parties subject to a reversal thereof for error and was in force at the time of the death of Isaac. His personal representative might have been substituted in place of Isaac as plaintiff in error in the divorce case, and if this had been done such personal representative could undoubtedly, as his ancestor could have done in his lifetime, have discontinued the writ of error, thereby withdrawing all question as to the correctness of the decree of divorce. Since the transfer of jurisdiction in divorce cases from the circuit court to the circuit judge at chambers an appeal from a decree of divorce has the same effect as an appeal from a decree in equity (*de Coito* v. *de Coito,* 21 Haw. 339, 342). An appeal or writ of error does not, in the absence of statutory provision to that effect, vacate the judgment or decree appealed from (*Railway* v. *Twombly,* 100 U. S. 78, 81; *Miller* v. *Nuckolls,* 76 Ark. 485, 89 S. W. 88; *Barnes* v. *Chicago Typographical Union,* 14 L. R. A. N. S. 1150, 1154; *Fort* v. *Fort,* 101 S. W. (Tenn.) 433; *Nill* v. *Comparet,* 16 Ind. 107; *Cole's Adm'r.* v. *Conolly,* 16 Ala. 271; 3 C. J. p. 1261, Sec. 1373; 2 R. C. L. p. 117, Sec. 94). We have no statute in this jurisdiction which annuls a judgment or decree upon the taking of an appeal or writ of error, hence the decree of divorce remained in force subject to the action

of the appellate court. The mere filing of a confession of error by Susan after the death of Isaac, without any action thereon by the appellate court, did not vacate the decree of divorce.

The plea in bar was properly sustained and the decree dismissing the bill of complaint is affirmed.

*Andrews & Pittman* for plaintiffs.

*Alexander Lindsay, Jr.,* for defendants.