SUMPTER v. HOT SPRINGS SAVINGS, TRUST & GUARANTY COMPANY.

Opinion delivered October 6, 1919.

1. APPEAL—EFFECT OF, WITH SUPERSEDEAS.—An appeal and supersedeas do not have the effect of vacating the judgment, but only to stay proceedings thereunder.

2. SHERIFF'S SALE—GENERAL EXECUTION—BOND EXECUTED FOR PURCHASE MONEY.—The chancery court is without authority to approve a sheriff's sale made under general execution, directed and issued on a bond given for the purchase money of property sold under order of the chancery court. A sale under an execution on a bond, had under Kirby's Digest, § § 3260-3262, is strictly a statutory proceeding, and no authority is given in the statute authorizing a court to confirm a sale of real estate made thereunder, nor order the sheriff to make the sale and make a deed to the purchaser, or to issue a writ of possession.

3. LANDLORD AND TENANT—TRANSFER OF LEGAL TITLE—RESPONSIBILITY OF TENANT.—Where a landlord's title has passed to another by process of law, the tenant's responsibility is then to the true owner. A tenant may attorn to the purchaser of his landlord's interest at an execution sale, or at a forclosure sale.

4. INJUNCTION — RELIEF AGAINST TRESPASSER.—Although one is in the rightful possession of certain premises, under purchase at an execution sale, he cannot invoke injunctive relief to protect his possession against trespasses remediable at law.

5. BILL OF REVIEW—FORECLOSURE SALE.—The validity of an execution sale is not a proper subject for a bill of review, where the sale was made after the final adjudication in the original foreclosure proceedings.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; reversed.

*R. G. Davies* and *O. H. Sumpter,* for appellants.

1. The original judgment of the Garland Chancery Court was a money judgment, and appeal was taken to this court and supersedeas bond filed, which superseded the judgment, and judgment was rendered against appellant and sureties in the Supreme Court and should have been enforced from this court and not the lower court. 44 Ark. 178.

2. The chancery court erred in issuing an execution upon the bond of William Sumpter, Nannie E. and O. H. Sumpter without taking any judgment against them.

3. The court erred in requiring appellants to elect either to sue Tombler or proceed on their complaint to set aside the sales.

4. The court erred in sustaining appellee's demurrer to the bill of review and Tombler's motion to strike the petition of appellants as against him and in overruling appellants' demurrers and motions to strike appellees' complaints and amendments thereto and in dismissing the answer and cross-complaints of appellants, also in ratifying and confirming the sales under execution and in appointing a commissioner and directing him to execute a deed to the lands purchased under execution and also in ordering a writ of assistance to place appellee in possession. Appellees were estopped by their acts and pleadings from appealing to the chancery court to put them in possession, because they were already in possession and had induced a tenant of Mrs. William Sumpter to attorn to them. The whole proceedings are erroneous and should be set aside and an execution issued upon the supersedeas bond filed in this court, which alone had jurisdiction to enforce its judgment. 44 Ark. 178.

*C. T. Cotham* and *C. C. Sparks,* for appellees.

1. 44 Ark. 178 does not support nor sustain the claims of appellants. The mandate of this court was filed with the clerk of the chancery court December 14, 1916, and was a compliance with Kirby & Castle's Digest, section 1346. Taking an appeal with supersedeas bond does not vacate the judgment but only stays or supersedes it and does not preclude a party from pursuing another remedy, viz., application to the trial court for a distribution of a fund in court. 86 Ark. 452. Appellee had the right, not to its remedy on the supersedeas bond, but to make application to the trial court which regained jurisdiction on filing the mandate of this court and have the property the *rem* sold pursuant to the terms of the original decree.

2. The chancery court did not err in issuing execution upon the bond. Kirby & Castle's Digest, § § 3574-5-6; 189 S. W. 854.

3. There was no error in sustaining appellees' demurrer to the petition to review nor in sustaining Tombler's motion to strike, and the facts as alleged did not give the court jurisdiction to grant the relief prayed.

4. The chancery court did not err in dismissing the answer and cross-complaint of appellants. No error is pointed out, and the chancellor's opinion shows ample authority for his action. The demurrer was properly sustained, as the answer did not state matters of fact sufficient to constitute a defense, counter-claim or set-off.

5. The court did not err in confirming the sale under execution nor in appointing a commissioner and directing deed. 48 Ark. 312-321.

6. Appellees did not gain possession of the Sumpter House property by any collusion with the tenants of the Sumpters, but the Georges after due investigation as to who held the paramount title attorned to the bank as their landlord after it has properly received its deed from the sheriff. 17 Ark. 547; 31 *Id.* 470; 24 Cyc. 956; 65 Ark. 135.

7. The chancery court should have approved all the execution sales and directed a deed to be made to all the property sold.    Kirby & Castle's Digest, § § 3525-3526; 16 R. C. L., § 9, "Judicial Sales."

8. The chancery court should have granted a writ of assistance placing appellees in possession of all the property embraced in their deed. Pom. Eq. Jur., par. 177, p. 213.

On the whole case the decree should be affirmed in so far as it granted appellees the relief prayed and on cross-appeal should be sustained and the chancery court directed to grant the relief prayed in the cross-appeal.

## STATEMENT OF FACTS.

The appellee, Hot Springs Savings, Trust & Guaranty Company, being the owner and holder of a note and mortgage for $14,000, given to it by appellant, Mrs. Nannie E. Sumpter, proceeded in the chancery court of Garland County to foreclose said mortgage. It obtained judgment and decree of foreclosure and order of sale against all property described in the deed of trust, including lot 1, in block 112, in the city of Hot Springs, known as the Sumpter House property. Mrs. Nannie E. Sumpter pleaded usury as a defense in that action. From the judgment and decree of foreclosure an appeal was prosecuted by Mrs. Nannie E. Sumpter, which was affirmed and a judgment entered in the Supreme Court against her and her bondsmen, William Sumpter, Orlando H. Sumpter and D. F. Radford, for the amount of the indebtedness, interest and costs. A mandate was secured, and, upon the filing thereof in the chancery court of Garland County, the commissioner was directed to sell the property described in the decree, in accordance with the terms specified in the order. Mrs. Nannie E. Sumpter requested that lot 1, block 112, known as the Sumpter House property, be sold first, which was done, at which sale William Sumpter bid $17,100, being the amount of the judgment and costs to that date. He executed his bond with Orlando H. Sumpter and Mrs. Nannie E. Sumpter as sureties thereon for the payment of said sum,

and the sale was confirmed by the court. The bond was not paid at maturity, and the court directed the clerk to issue an execution on the bond. The sheriff levied upon all the property described in the original decree of foreclosure, and on the 3rd day of September, 1917, sold same in separate parcels, at which sale, appellee, Hot Springs Savings, Trust and Guaranty Company, purchased each tract for a specified amount. The total amount of the bids for the several tracts was insufficient to pay the amount due on the bond. On the 10th day of August, 1918, Mrs. Nannie E. Sumpter, William Sumpter and Orlando H. Sumpter filed a bill of review, containing a motion to set aside the sale of said property under execution, to which a demurrer was filed. Upon hearing, Mrs. Nannie E. Sumpter, William Sumpter and Orlando H. Sumpter, refusing to elect between the causes of action set up in the bill of review, said bill was dismissed upon the ground that it contained a misjoinder of causes of action and parties. From the decree dismissing the bill of review, an appeal was prosecuted to, and is now pending in, this court.

An alias execution was obtained and levied upon other property belonging to the bondsmen of William Sumpter to satisfy the balance not paid by the sales under the first execution. The Hot Springs Savings, Trust & Guaranty Company also became the purchaser of the property sold under the alias execution. On the 19th day of December, 1918, after the expiration of one year from the date of the execution sales, the sheriff executed a deed to the Hot Springs Savings, Trust & Guaranty Company for all the property it had purchased at said execution sales. Mrs. Nannie E. Sumpter had remained in the possession of lot 1, block 112, known as the Sumpter House property, under tenant, until early in December, 1918. Her tenant, Mr. Mark, was renting the property under monthly contract. He sold the furniture in the hotel and the balance of his monthly term to J. F. George. Upon hearing that the Hot Springs Savings, Trust & Guaranty Company had obtained a deed to the property from the

sheriff, J. F. George attorned to it, by paying one month's rent in advance, on the 26th day of December, 1918, for the use of the Sumpter House property. Thereupon, Orlando H. Sumpter, representing himself, Mrs. Nannie E. Sumpter and Ida M. Sumpter, widow of William Sumpter, who had died early in December, 1918, nailed up some of the doors in the Sumpter House and threatened to put J. F. George and his guests out. Thereupon, appellees, the Hot Springs Savings, Trust & Guaranty Company and J. F. George, instituted a suit in the Garland Chancery Court against the appellants, seeking an injunction to prevent appellants from interfering with their possession. Subsequently the appellees filed two amended complaints, to each of which complaints appellants filed demurrers, motions to strike, and, specifically reserving the points raised in the demurrers and motions to strike, filed an answer and cross-complaint to each of said complaints. The pleadings on the part of the appellees, as finally amended, were in the alternative; First, that they were in possession and their possession was being disturbed by appellants; second, if not in possession, they were entitled to have a confirmation of the execution sale made by the sheriff and a deed issued to the Hot Springs Savings, Trust & Guaranty Company by a commissioner of the chancery court and a writ of assistance to place them in possession of all the property they had purchased at both execution sales. Appellants' defenses were, in substance, that they were themselves in possession of the hotel property by tenant, that the chancery court had no jurisdiction to confirm the sales of the sheriff under execution, or to order a commissioner to make a new deed to the Hot Springs Savings, Trust & Guaranty Company, or to issue a writ for possession.

The chancery court dissolved the temporary injunction it had issued in favor of appellees and dismissed the bill for permanent injunction; also struck out the answer and cross-bill of appellants upon the ground that they set up the same matter that was contained in the bill of review; also, treated the sale of the sheriff, under

the first execution sale, as a sale under order of court, confirmed it, and directed a commissioner, specially appointed for that purpose, to make a deed for all of the lands sold under the first execution, to the Hot Springs Savings, Trust & Guaranty Company; also issued a writ in favor of appellees, Hot Springs Savings, Trust & Guaranty Company and J. F. George, for the possession of the Sumpter House property, and declined to approve the sale of the sheriff under the second execution and to direct deed and issue writ of possession in favor of the Hot Springs Savings, Trust & Guaranty Company for the property sold and purchased by it under said execution. The case is before us for trial *de novo* on appeal and cross-appeal.

HUMPHREYS, J., (after stating the facts). (1) It is first insisted by appellants that, because a judgment was rendered in the Supreme Court on appeal, in the original foreclosure proceeding, against Mrs. Nannie E. Sumpter and her bondsmen on the supersedeas bond, the Hot Springs Savings, Trust & Guaranty Company had no right to take a mandate and attempt to enforce the collection of its original judgment and decree of foreclosure in the chancery court. Such is not the effect of an appeal with supersedeas. This court said in the case of *Miller* v. *Nuckolls,* 76 Ark. 485, that ''An appeal and supersedeas do not have the effect of vacating the judgment, but only stay proceedings thereunder.''

(2) It is next insisted that the chancery court had no jurisdiction to approve a sheriff's sale made under general execution, directed and issued on the bond executed for the purchase money of the Sumpter property by William Sumpter, as principal, and Mrs. Nannie E. Sumpter and Orlando H. Sumpter, as sureties, upon their failure to pay it. The execution referred to under which the sale was made was a general execution issued on said bond, which had been executed in the manner provided in sections 3260 and 3261 of Kirby's Digest. It is provided by section 3262 of Kirby's Digest that ''All such bonds

shall have the force and effect of a judgment, * * *'' This execution could have been raised as well without as with an order of the court. The order of the court directing it does not give it any additional force and effect. The sale under an execution on such a bond is strictly a statutory proceeding. No authority is given in the statute authorizing a court to confirm a sale of real estate made thereunder, nor to order the sheriff to make the sale and make a deed to the purchaser, or to issue a writ of possession for the property sold under it. It is a proceeding wholly independent of an order of sale made by a chancery court in the enforcement of a decree of foreclosure. In that character of sale, it is the duty of the court to fix the time, place and terms of sale, and the court making such an order is authorized to confirm the sale and order a deed and issue a writ for the possession of the specific property sold thereunder. The chancery court therefore erred in confirming the sheriff's sale made under the first writ of execution, in appointing a commissioner to make a deed, and in issuing a writ of possession for the Sumpter House property in favor of appellees, Hot Springs Savings, Trust & Guaranty Company and J. F. George.

It is contended, however, by appellees, that, because J. F. George, Mrs. Nannie E. Sumpter's tenant, attorned to the Hot Springs Savings, Trust & Guaranty Company, it was in possession of the property and had a right to injunctive relief to protect its possession against trespassers, and that, under the rule that when the chancery court takes jurisdiction for one purpose it will give complete relief, it was entitled to have the sheriff's sale confirmed, a court deed and a writ for possession.

(3) If the execution sale was regular, the effect of the sheriff's deed was to divest whatever title William Sumpter and his sureties, Orlando H. Sumpter and Mrs. Nannie E. Sumpter, had in the real estate sold under both executions, and to vest it in the Hot Springs Savings, Trust & Guaranty Company. Where the landlord's title has passed to another by process of law, the tenant's responsibility is then to the true owner. *Earle* v. *Hale,* 31

Ark. 470. The rule is laid down in 24 Cyc., at page 956, that "A tenant may attorn to the purchaser of his landlord's interest at an execution sale, or at a foreclosure sale."

(4) Presuming, then, on the regularity of the execution sale and that appellees were, and are, in the rightful possession of the Sumpter House property, it does not follow that injunctive relief may be invoked to protect their possession against trespasses remediable at law. The trespasses and threats of ouster alleged in the complaint were not of such continuous and irreparable nature as would call for injunctive relief. Appellees, being in possession of the Sumpter House property, had a right to sue the Sumpters at law for any damages occasioned by their trespasses, it not being alleged that they were insolvent. This is the substance of their complaint as to said property.

(5) As to the other property purchased, for which they held a sheriff's deed, the complaint can only be treated as a suit in ejectment if appellants are resisting possession thereof. The answer of appellants indicates that they are resisting the right to recover possession of the latter property, and also the action for damages on account of trespasses as to the Hotel Sumpter property, because the execution sale was not made according to law. It is said that such a defense can not be interposed, because the validity of the execution sale was involved in the bill for review. It was not a proper subject for a bill in review, because the sale was made after the final adjudication in the original foreclosure proceeding. It was proper subject-matter for defense in the suit of appellees for damages on account of trespasses to the Sumpter House property, and in a suit for the possession of the other property sold at the first execution sale. The court erred in striking out that portion of appellant's answer.

For the errors indicated, the decree is reversed with instructions to transfer the suit to the circuit court.