HOT SPRINGS SAVINGS, TRUST & GUARANTY Co. *v.* SUMPTER.

Opinion delivered October 24, 1921.

1. MORTGAGE FORECLOSURE—BOND HAVING THE EFFECT OF JUDGMENT. —Where a purchaser at a mortgage foreclosure sale bid the full amount of the mortgage indebtedness and executed a bond for the purchase money, upon which default was made, the bond had the force and effect of a judgment, under Crawford & Moses' Digest, § 4306.

2. MORTGAGES—SATISFACTION OF BOND HAVING EFFECT OF JUDGMENT. —Where the plaintiff in a mortgage foreclosure suit procured an execution to be issued on a bond given by a purchaser at such sale and purchased the mortgaged land for a sum less than the mortgage indebtedness, this operated as a satisfaction of the bond only *pro tanto.*

3. MORTGAGES—MERGER OF LEGAL AND EQUITABLE ESTATES.—Where a purchaser at a mortgage foreclosure sale of an equitable estate in land bid the full amount of the mortgage indebtedness and executed a bond for the purchase price signed by himself

and by the owner of the legal title, and upon default thereon the plaintiff in the foreclosure suit purchased the land at execution sale, he acquired both the legal and the equitable title thereto.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*C. C. Sparks, C. T. Cotham,* and *Martin, Wooton & Martin,* for appellant.

1. All questions presented in the case were decided by the Supreme Court on appeal from the decree of the chancery court, except the regularity of the execution sales. 140 Ark. 91.

2. All questions regarding the regularity and validity of the execution sales were presented to the chancery court by bill of review, wherein the various transactions which had occurred prior to that time were alleged, including the foreclosure proceedings; appeal, return of the mandate, appointment of a commissioner, sale of the lot to Wm. Sumpter, execution of bond, default in payment thereof, issuance and return of original and alias executions, purchase of the property by appellant, and specifically attacking the validity of the execution sales. On the dismissal of the bill of review for want of equity, without appeal therefrom, these matters became *res judicatae.*

3. Appellant, after the remand of the case, having by substituted complaint brought suit in ejectment, alleging ownership, right to possession, muniments of title, etc., it was the duty of appellees to set forth exceptions to the documentary evidence relied on by appellant, to which they objected, setting out the objections specifically. C. & M. Dig. § 3693. A general denial that a plaintiff in ejectment is the legal owner of the land is not sufficient. 107 Ark. 374. Courts of law take no cognizance of equitable estates, but deal only in legal titles. 9 R. C. L. pp. 840-841-842.

4. When the bond executed by Wm. Sumpter was unpaid at maturity, either of two remedies was available to appellant, *i. e.* to leave the foreclosure sale set aside

and a resale with judgment against Sumpter and his sureties for any deficiency, or to have execution on the bond, which had the force and effect of a judgment. C. & M. Dig. §§ 4304-6.

When appellant elected to take out execution on the bond, the mortgage judgment and lien merged. 23 Cyc. 1475. Its purchase of lot 1 under execution on a judgment effective against all of the appellees' property was a purchase of the entire interest in lot 1, and the same conclusion must be reached, whether the sale was made under the statutory or mortgage judgment. 1 Pick. 351; 11 Am. Dec. 188; 14 Ala. 476; 48 Am. Dec. 105; 17 Pick. 137; 2 Jones Equity, 475; 2 Jones on Mortgages § 1229; 3 Pomeroy Equity Juris § 1204 (note); 50 L. R. A. 714, note 717-718 with collected cases; 151 Ohio, 84; 45 Am. Dec. 562; 101 Tex. 86; 130 Am. St. Rep. 824; 41 Ill. 31; 89 Am. Dec. 370; Freeman on Executions, 335.

5. The sum of $10,000 bid by the appellant for lot one, block 112, at the first execution sale, should be credited upon the judgment as a payment thereon *pro tanto.*

*R. G. Davies,* for appellees.

1. An equitable title will not support an action in ejectment. 105 Ark. 119; 98 Ark. 30. Plaintiff in ejectment must recover on the strength of his own title. A tenant may attorn to one who has secured the landlord's title, but such title must have been secured before such attornment. 31 Ark. 431; C. & M. Dig. § 6557; 74 Ark. 12.

2. The old judgment against Nannie E. Sumpter in the mortgage foreclosure proceeding was fully paid off and satisfied by the first sale which brought the full amount of the judgment, was confirmed, and the bond given and approved. 10 Standard Procedure, pp. 21, 31; 13 Ark. 503; 11 Smed. & M. 458; 49 Am. Dec. 68; 6 Yerg. 246; 3 *Id.* 297; 75 Va. 757, 774; 25 Ark. 124; *Id.* 606; 20 *Id.* 68; 14 *Id.* 595; 10 Smed. & M. 414; 4 How. U. S. Sup. Ct. 4; 11 L. Ed. 850; 35 W. Va. 375; 14 Ark. 568; 94 Va. 700; 27 S. E. 467; 8 Gratt. 179-209; 30 W. Va. 760; 5 S. E. 442,

The authorities cited by appellant have reference to sales under execution issued on the original mortgage debt or vendor's lien, whereas the sale to Wm. Sumpter was not made under execution, but by the chancery court, through its commissioner.

The sale under the execution issued on the bond judgment was an independent proceeding—a sale of Wm. Sumpter's interest and not Nannie E. Sumpter's.

There was no merger. 25 Ark. 277; 31 *Id.* 436; 54 *Id.* 457-8.

3. The old judgment decree in the foreclosure proceedings was satisfied by the execution of a bond which was never quashed. The judgment bond was satisfied by appellant's bid of $10,000 for Wm. Sumpter's equity in lot one. Mrs. Ida M. Sumpter, his widow and sole devisee, is entitled to the amount bid by appellant, and also the rents. 27 Ark. 98; 7 *Id.* 430; *Id.* 28; 71 *Id.* 318 31 *Id.* 252; 55 *Id.* 286; 29 *Id.* 270; 58 *Id.* 252-268. See also Freeman on Executions, 131; Jones on Mortgages §1249; 54 Ark. 457.

*C. T. Cotham, C. C. Sparks* and *Martin, Wooten & Martin,* for appellant, in reply.

The widow of Wm. Sumpter had no dower, vested or inchoate, in lot one. He had no deed or other legal title to it, nor was he seized of an estate of inheritance. C. &. M. Dig. § 3514. The proceeding was for the purpose of subjecting lot one to payment of the purchase price; and, even if it had been held by him by commissioner's deed, no dotal rights attached. *Id.* § 3518; 29 Ark. 591; 126 *Id.* 315; 98 *Id.* 118.

McCulloch, C. J. Mrs. Nannie E. Sumpter, one of the appellees, was the owner of certain real estate in the city of Hot Springs, including a lot described as lot 1 in block 112, known as the Sumpter House property, and she mortgaged it to appellant to secure an indebtedness of $14,000, evidenced by promissory note.

Appellant obtained a decree of the chancery court of Garland county foreclosing the mortgage, the in-

debtedness at that time, including accumulated interest and costs, being the aggregate sum of $17,100, and the property was ordered to be sold by a commissioner of the court. At the sale by the commissioner, William Sumpter became the purchaser of lot 1, block 112, for $17,100, the full amount of the decree, and executed a bond for the purchase price with Mrs. Nannie E. Sumpter and O. H. Sumpter as sureties. The sale was duly reported to the court and was confirmed, and the commissioner was ordered to execute a deed to William Sumpter, the purchaser, but he failed to pay any part of the purchase price, and the deed has never been executed.

In this state of the matter appellant caused an execution to be issued on the bond, which, under the statute (Crawford & Moses' Digest, § 4306), had the force and effect of a judgment. The execution was levied on lot 1, block 112, as well as other property of William Sumpter and also of Mrs. Nannie E. Sumpter. Lot 1 in block 112 was sold first; and appellant became the purchaser for the sum of $10,000. Later other property of William Sumpter and Mrs. Nannie E. Sumpter was sold under the execution for various sums. After the time for redemption from the execution sales had expired, the sheriff made deeds to appellant, who then instituted an action in the chancery court of Garland county, alleging that it was in possession of the Sumpter House property under its said purchase, but that appellees, Mrs. Nannie E. Sumpter and O. H. Sumpter, were interfering with its said possession by threatening to oust its tenants, and also alleging that the possession of the other property purchased by appellant under execution sales was wrongfully withheld by said appellee. The chancery court confirmed the various sales under execution and granted the relief prayed for by appellant, but on appeal to this court the decree was reversed and the cause remanded with directions to transfer the cause to the circuit court for further proceedings. We held, in substance, that the

chancery court had no authority to confirm the sales of real estate made by the sheriff under execution; that the present appellant had rightfully obtained possession of the Sumpter House property by the attornment of Mrs. Sumpter's tenant, but that appellant was not entitled to the relief in a court of equity by injunction to protect its possession against trespasses remediable at law, and that, as to the property other than the Sumpter House property, the action was merely one to recover possession, and that the remedy was complete at law. *Sumpter* v. *Hot Springs Savings, Trust & Guaranty Co.*, 140 Ark. 91. Upon the remand of the cause, it was transferred to the circuit court, and there was a trial before the court sitting as a jury, which resulted in a judgment in favor of appellees. The circuit court decided that appellant had, by its purchase of the Sumpter House property at the execution sale, acquired only the equitable title of William Sumpter, and was entitled to convert it into a legal title by paying the purchase price bid by William Sumpter and securing a deed from the commissioner of the chancery court. The court also held that the purchase by appellant of the Sumpter House property constituted a satisfaction of the judgmen on which all of the execution sales were based, and that the sales of the remainder of the property were void for that reason. The effect of the circuit court's decision was to hold that appellant, by its purchase of the Sumpter House property for the sum of $10,000, merely acquired the right of William Sumpter to complete his purchase by paying the amount of the original bid and that this extinguished the judgment. We are of the opinion that the decision is based upon an erroneous conception of the effect of the purchase by appellant. Counsel for appellees defend the rulings of the court on the doctrine announced by this court that a sale of mortgaged real estate under a judgment for the debt secured only operates as a sale of the equity of redemption. *Rice* v. *Wilburn*, 31 Ark. 109; *Whitmore* v. *Tatum*, 54 Ark. 457.

It is by no means certain that there is an analogy between the case of a sale under execution for a mortgage debt and one where there has been a decree of foreclosure, and the sale, as in this case, is on an execution issued on a statutory bond for the purchase price having the force and effect of a judgment. But, treating the analogy as complete, it does not follow 'that the trial court was correct in holding that in this case appellant only acquired an equitable title and its purchase at the sale extinguished the judgment. The original mortgage lien held by appellant was merged into the decree of foreclosure, and, when the purchaser at the sale executed the statutory bond for the purchase price, there arose in appellant's favor two remedies—one to have the sale set aside and the property resold, or to proceed, as was done, to enforce the remedy under the bond. It was a case of a person having two remedies, but entitled to only one satisfaction. There could, however, be no satisfaction short of a payment of the entire debt, the obligation of the bond being for that amount. Appellant was entitled to receive 'the full amount of its debt, whether it came through he channel of the purchase under the chancery sale, or the execution sale, and the amount of the bid at the execution sale served only as a diminution *pro tanto* of the total debt, and only to that extent did it satisfy 'the judgment. *Whitmore v. Tatum, supra.*

The effect of appellant's purchase of 'the property was precisely the same as if the purchase had been made by another person. The amount of the bid at the execution sale was, in either event, to be credited on appellant's debt, and another purchaser at the sale would have had the right to convert William Sumpter's equitable title into a legal one merely by paying the remainder of the debt. Upon no theory can a sale for a less sum than 'the full amount of the debt be held to be an extinguishment or satisfaction of appellant's original debt.

There is still another reason why the court was in error in holding that all that appellant acquired by its purchase at the execution sale was the right to perfect William Sumpter's bid by paying the full amount of the purchase price. The execution ran not only against William Sumpter but against Nannie E. Sumpter, the holder of the legal title, and since the sale carried the interest of both parties, the equitable title was merged in the legal title. Appellant therefore acquired a complete legal title under the execution sale. This view of the matter also disposes of the contention of appellees on the cross-appeal of William Sumpter's widow that the cause should have been transferred to equity for the purpose of awarding dower in the Sumpter House property and damages for the detention. The legal title being complete in appellants, William Sumpter's widow was not entitled to dower nor to possession of the property. It was decided on the former appeal, and the evidence is undisputed, that appellant was rightfully in possession of the Sumpter House property, and the only question left open for further determination was the validity of the execution sales as to the other property. That issue was tried by the court below, and, according to the undisputed evidence, the sales were regular and valid.

Another issue to be tried on the transfer of the case to the law court was the question of damages for interfering by trespass with appellant's possession, but there is no evidence in the case of any injury.

The facts being undisputed, it is the duty of the court to render a judgment in favor of appellant for possession of all of the property in suit other than the Sumpter House property (appellant being already in possession of that property), so the judgment will be reversed, and the cause remanded with directions to the circuit court to enter a judgment to that effect.