VIOLET LINCOLN COLLINS *v.* JAMES AKO AND LILY AKO.

No. 2422.

Submitted April 25, 1940.        Decided May 9, 1940.

Coke, C. J., Kemp and Peters, JJ.

OPINION OF THE COURT BY KEMP, J.

This is an appeal by Violet Lincoln Collins, hereinafter referred to as petitioner, from the decree of the circuit judge at chambers in probate of the third judicial circuit dismissing her bill for admeasurement of dower in certain real estate formerly owned by Joseph Kaelemakule, hereinafter referred to as Joseph.

The facts upon which the question of petitioner's right to dower in said land depends may be briefly summarized as follows: Petitioner and Joseph were married in 1929; Joseph was the owner in fee simple of the land in which petitioner claims a right of dower; on June 22, 1932, Joseph filed in the circuit court of the first judicial circuit a libel of divorce against the petitioner on the ground of his own leprosy; said cause having been tried on October 16, 1933, the circuit judge rendered a decision granting a divorce to Joseph as prayed for but did not then enter a decree, for the reason that he was in doubt as to his jurisdiction to award alimony to the petitioner, which question the circuit judge reserved to this court; that question having been answered by this court, to the effect that he did have jurisdiction to award alimony (*Kaelemakule* v. *Kaelemakule*, 33 Haw. 268), a decree reciting the decision of October 16, 1933, was entered December 3, 1935, granting the divorce and awarding the petitioner alimony in gross and a lump sum award to the two children of the parties; in the meantime, on May 21, 1935, Joseph conveyed said land to James Ako and Lily Ako, respondents in the proceedings for admeasurement of dower; (petitioner has not been lawfully

barred of her dower in said land unless she has been so barred by the divorce decree heretofore mentioned). Joseph, deeming himself aggrieved, perfected an appeal from the decree; on March 16, 1936, while his appeal from said decree was pending, Joseph died; on April 23, 1936, Hawaiian Trust Company, Limited, the duly appointed, qualified and acting executor under the will and of the estate of Joseph, filed a suggestion of Joseph's death, whereupon said executor was substituted for Joseph as appellant.

On June 16, 1936, a stipulation was filed in said cause, joined in by petitioner, the guardian *ad litem* for the two minor children, the executor under the will and of the estate of Joseph, and the receiver appointed by the circuit judge presiding in the divorce proceeding, whereby it was stipulated and agreed that the appeal from the divorce decree then pending in this court "may and shall be dismissed and said cause remanded to the Circuit Court of the First Judicial Circuit, Division of Domestic Relations, at the cost of Libellant-Appellant, for the purpose of having said Circuit Court, Division of Domestic Relations, make, file and enter the following amended consent decree." The consent decree, which is set out in the stipulation, modified only the alimony provisions of the decree appealed from and provided that it was to be entered as of December 3, 1935, the date of the said decree. The stipulation was approved and the appeal was, by order of this court, dismissed and the cause remanded with instructions to enter the consent decree set out in the stipulation, which was done. Thereafter petitioner married Louis Collins.

The circuit judge by whom the bill for admeasurement of dower was heard decided that petitioner was not the wife of Joseph at the time of his death and therefore not his widow, and entered a decree denying the relief prayed for and dismissed the bill. It is from that decree that

this appeal is prosecuted. The statutes bearing upon the right of petitioner to dower in said land follow:

"Every woman shall be endowed of one-third part of all the lands owned by her husband at any time during marriage, in fee simple, in freehold, or for the term of fifty years or more, so long as twenty-five years of the term remain unexpired, but in no less estate, unless she is lawfully barred thereof." R. L. H. 1935, § 4830.

"In case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed." R. L. H. 1935, § 4838.

"A wife divorced for adultery or other offense amounting thereto, shall not be entitled to dower in her husband's real estate, or any part thereof, nor to any share of his personal estate." R. L. H. 1935, § 4483.

Petitioner bases her claim to dower on two propositions. First, she says that because of the appeal of the divorce decree she was, on March 16, 1936, when Joseph died, still his wife and upon his death became his widow and therefore entitled to dower. Second, she says that if her first proposition is not sustained, yet on principles of equity and good conscience she is entitled to her dower, the divorce having been granted to her husband because he had contracted leprosy.

Petitioner's first proposition is not sustained. The appeal did not annul or vacate the decree. (*Bertelmann* v. *Kaio*, 23 Haw. 646; *Wilder* v. *Pinkham*, 23 Haw. 571, 572.)

From the facts recited in *Bertelmann* v. *Kaio, supra,* it appears that Isaac Kahilina appealed from a decree of divorce in favor of his wife Susan. Pending the appeal Isaac died and Susan thereafter filed a confession of error but no decree, mandate or order was made setting aside or reversing the decree of divorce. Isaac, at the time of his death, was the owner of certain lands which were

the subject of litigation in the cited case. Bertelmann's title depended upon a holding that Susan was the wife of Isaac at the time of his death, which in turn depended upon the effect of Isaac's appeal upon the divorce decree. On that subject this court said:

"An appeal or writ of error, while it may suspend the operation of a judgment or decree appealed from, does not *ipso facto* abrogate such judgment or decree. The decree in the divorce case remained binding on the parties subject to a reversal thereof for error and was in force at the time of the death of Isaac. His personal representative might have been substituted in place of Isaac as plaintiff in error in the divorce case, and if this had been done such personal representative could undoubtedly, as his ancestor could have done in his lifetime, have discontinued the writ of error, thereby withdrawing all question as to the correctness of the decree of divorce. Since the transfer of jurisdiction in divorce cases from the circuit court to the circuit judge at chambers an appeal from a decree of divorce has the same effect as an appeal from a decree in equity (*de Coito* v. *de Coito,* 21 Haw. 339, 342). An appeal or writ of error does not, in the absence of statutory provision to that effect, vacate the judgment or decree appealed from (*Railway* v. *Twombly,* 100 U. S. 78, 81; *Miller* v. *Nuckolls,* 76 Ark. 485, 89 S. W. 88; *Barnes* v. *Chicago Typographical Union,* 14 L. R. A. N. S. 1150, 1154; *Fort* v. *Fort,* 101 S. W. (Tenn.) 433; *Nill* v. *Comparet,* 16 Ind. 107; *Cole's Adm'r.* v. *Conolly,* 16 Ala. 271; 3 C. J. p. 1261, Sec. 1373.; 2 R. C. L. p. 117, Sec. 94). We have no statute in this jurisdiction which annuls a judgment or decree upon the taking of an appeal or writ of error, hence the decree of divorce remained in force subject to the action of the appellate court."

Since the appeal did not annul the decree of divorce

it remained binding on the parties, subject to a reversal thereof for error; it was in force at the time of Joseph's death and the subsequent action of this court did not affect that portion of the decree which dissolved the bonds of matrimony theretofore existing between Joseph and the petitioner. Petitioner was not therefore the wife of Joseph at the time of his death.

Unless the facts of this case distinguish it from the case of *Buckley* v. *Monsarrat,* 12 Haw. 265, the question presented by petitioner's second proposition is no longer an open question in this jurisdiction. In that case the court considered the effect of Civil Laws § 1914, now § 4838, *supra,* and § 1946, now § 4483, *supra,* upon the dower rights of a former wife of the defendant Monsarrat, who had procured a divorce from him on the ground of nonsupport. The case was an original submission on an agreed statement of facts, of which the following is the substance: Defendant and his former wife were married June 1, 1882; at that time defendant owned an estate in fee simple in certain land in Honolulu; on August 18, 1895, Mrs. Monsarrat obtained an absolute divorce from her husband on the ground of nonsupport; on April 2, 1896, she married C. V. E. Dove; on March 15, 1899, Monsarrat conveyed the said land to Buckley and Sullivan by deed containing a covenant that he had good right to sell and convey the said land and that it was free of and from all encumbrances. It was admitted that unless the former Mrs. Monsarrat was lawfully barred of her dower in the lands of her husband by the facts above recited, her inchoate right of dower caused a breach of the covenant against encumbrances and would subject defendant to an action for damages. The question submitted was: Has Mrs. Dove, by her divorce from the said M. D. Monsarrat and her subsequent remarriage, forfeited her

right of dower in the land so conveyed to the said Buckley and Sullivan?

In a well-considered opinion, of which Mr. Justice Whiting was the author, it was recognized that the American courts and text writers were not unanimous in their opinions as to the effect of statutes similar to sections 4838 and 4483, *supra*. The cases, pro and con, were reviewed and the opinion of the supreme court of Arkansas, in *Wood* v. *Wood*, 59 Ark. 441, 28 L. R. A. 157, construing their statute, which was in the exact words of section 4838, *supra*, was adopted as the proper construction of our statute. There it was held that, although it was not necessary that the seizin of the husband should continue during the coverture, it was necessary that the marriage should continue until the death of the husband in order for the wife to be entitled to dower, regardless of the statute construed.

The fact that Mrs. Monsarrat was the libelant and was granted a divorce for a breach by her husband of his marital duty to support her, whereas, in the instant case, the husband was the libelant and was granted a divorce because of his own leprosy under our unique statute giving him that right, constitutes the only difference in the facts of the two cases. That difference, we think, is immaterial. In neither case was the divorce granted for the misconduct of the wife. The decision in *Buckley* v. *Monsarrat* announces a rule of property which has stood for more than forty years. The legislature has not seen fit to repeal or amend the statute there construed. This evidences legislative concurrence in the decision of the court.

The decree appealed from is affirmed.

*W. Y. Char* for petitioner.

*W. H. Beers* for respondents.